**RUBENSTEIN, Estate of, in re.**

Ohio Appeals, Second District, Montgomery County.

No. 1746. Decided March 15, 1943.

Jacobson & Durst, Dayton, for executrix.
I. L. Holderman, Dayton, for Samson Rubenstein.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal, on questions of law, of Rose Rubenstein, executrix of the estate of Giza Rubenstein, deceased, from the judgment of the Probate Court of Montgomery County, Ohio.

On or about July 1, 1942, Sam Rubenstein (also known as Samson Rubenstein) filed an application in the Probate Court praying for an order to reopen said estate for further administration and such further orders as he might be entitled to in law and equity.

The following pertinent facts were set out in the application and apparently are undenied:

Giza Rubenstein died December 13, 1928, testate and Rose Rubenstein was appointed executrix of said estate on the 21st day of December, 1928, by the Probate Court of Montgomery County, Ohio; and on the 23rd day of January, 1929, she filed in said estate an inventory and appraisement and listed as an asset of the estate a certificate of deposit in the American Loan and Savings Association of Dayton, Ohio, being certificate No. 57893, in the principal sum of $9500.00, with 6% interest, the income therefrom to be paid to Sam Rubenstein for and during his life, and at his death to the heirs of Giza Rubenstein.

It is further stated in the application that on or about the 1st day of December, 1931, the said Rose Rubenstein as executrix, filed a first and final account in said estate, setting forth therein that she, as executrix, was holding the above described certificate of deposit the income from which was being paid by the American Loan Savings Association to Sam Rubenstein for and during his life, as per agreement entered into on the 11th day of March, 1926, between Giza Rubenstein,

the American Loan and Savings Association and Sam Ruben-
stein, copy of which agreement is attached, marked Exhibit
A, and made a part of the application.

It is further stated that on or about October 31, 1933, the
State of Ohio took over the American Loan and Savings As-
sociation for liquidation and that said Association is now
and has been since that date in liquidation.

Further, that Rose Rubenstein, as executrix, has failed
and neglected to file her proof of claim on said certificate in
the sum of $9500.00, and that said principal and amount of
$9500.00 has never been allowed and adjudicated according to
law.

The applicant further stated that he received the income
from said certificate of deposit from the American Loan and
Savings Association up to October 31, 1933, and that he has
not received any income therefrom since said date, due to the
Association's being in liquidation; that there is now due and
owing to him the interest and income on the principal amount
of $9500.00 since October 31, 1933, the sum of $4028.00, on which
the American Loan and Savings Association refuses to issue
a certificate of claim for the reason that Rose Rubenstein, ex-
ecutrix of the estate of Giza Rubenstein, failed and neglected
to file a proof of claim of said principal amount of $9500.00.

Applicant further stated that on June 18, 1942, he made a
demand on Rose Rubenstein, executrix, that she open up the
estate of Giza Rubenstein and that she file proof of claim with
the American Loan and Savings Association on said certificate,
which said executrix has refused and neglected to do.

Applicant further stated that he has an interest in said
estate, and therefore asks that the same be opened up and that
the said Rose Rubenstein, as executrix, be ordered by this
court to file her proof of claim with the said American Loan
and Savings Association on the above described certificate of
deposit. Then follows the prayer as heretofore stated in sub-
stance.

Exhibit A referred to in the application is now set forth
verbatim:

"Supplemental Terms of Special Deposit No. 52047, Cer-
tificate No. 57893, this day issued to Giza Rubenstein for
$9500.00.

All accruing interest shall be paid to Samson Rubenstein,
husband, for and during the period of his natural life, and the

principal amount shall then become payable to Giza Ruben-
stein, if she be then living. If she be then dead, the whole
amount then due under this Certificate shall then be divided,
per stirpes, among her children, heirs of her body, or their
respective heirs, if either be dead. The amount of this Certifi-
cate may be withdrawn at any time prior to the death of Sam-
son Rubenstein on the joint order of Samson Rubenstein and
Giza Rubenstein. The rate of interest, and other terms of this
deposit, may be altered at any time to conform to the laws
of Ohio and to conform to current rates of interest paid on
such forms of deposit, whether the same be higher or lower
than the rate named therein.

Executed in triplicate as to the foregoing supplemental
terms, this 11th day of March, 1926.

THE AMERICAN LOAN & SAVINGS ASSOCIATION
BY (signed) Frank M. Compton
President and General Manager.

The forgoing correctly states the additional terms of this de-
posit, to all of which we hereby agree.

Signed: Samson Rubenstein
Attest:
H. E. Kreitzer for S. Rubenstein
Egan & Delscamp Attys. for S. Rubenstein."

On July 11, 1942, the executrix, Rose Rubenstein, moved
the court to strike from the files the application of Sam Rub-
enstein asking for the reopening of the estate for the follow-
ing reasons, to-wit:

"(1) That the estate of Giza Rubenstein has no interest
whatever in the certificate of deposit of the American Loan
and Savings Association described in the application of the
said Sam Rubenstein."

On July 14, 1942, the Probate Court caused to be journaliz-
ed the following entry, omitting the formal parts:

"This day this cause came on to be heard on the motion
of Rose Rubenstein, the executrix of the estate of Giza Ruben-
stein, to strike from the files the application of Sam Ruben-
stein for the reopening of said estate, and the court being
fully advised in the premises does hereby overrule said motion,
to which ruling of the court Rose Rubenstein, as executrix,

excepts. The application of Sam Rubenstein to open up the account of Giza Rubenstein, deceased, for further administration pertaining to ordering said executrix to file proof of claim with the American Loan and Savings Association of Dayton, Ohio, on Certificate of Deposit No. 57893 in the principal sum of $9500, the accumulated interest on which is payable to Sam Rubenstein, coming on to be heard and the court being fully advised in the premises finds the application well taken and orders said estate opened up for further administration and orders the said Rose Rubenstein as executrix to file proof of claim on said Certificate of Deposit with the American Loan and Savings Association, to which ruling of the court Rose Rubenstein, as executrix, by her attorney excepts. Appeal bond fixed at $100.00.

Approved:

Wm. C. Wiseman, Judge

I. L. Holderman, Attorney for Sam Rubenstein.

Jacobson & Durst, Attorneys for Rose Rubenstein, Executrix."

On August 1, 1942, the executrix duly filed notice of appeal to our court on questions of law.

Counsel for the respective parties have filed briefs.

In substance it is the contention of counsel for appellant that the estate of Giza Rubensein has no interest either in the corpus or the income of the $9500.00 certificate of deposit; that Sam Rubenstein solely is entitled to the income during his life and after his death the certificate passes to the children of Giza Rubenstein or her heirs, and at no time will the executrix have any duties to perform in reference to said certificate. It is further argued that Sam Rubenstein, as life tenant, has fixed rights in the certificate and it is further claimed has an undoubted right to compel the Association to issue to him a certificate of claim covering his accumulated interest. It is conceded that the American Loan and Savings Association is not paying the income in cash, but it is understood that the life tenant wants some papers issued to him by the Association to evidence his accumulated income.

Counsel further argue that it is beyond understanding why the life tenant may not directly compel the Association to issue to him its evidence of indebtedness.

It is further pointed out that the estate has been closed for ten years, and argued that the estate should not be re-

quired to incur further expense caused by such reopening and the attending filing of a second and final account.

Counsel for appellant in their brief state that no evidence was taken in the hearing before the Probate Court. This does not affirmatively appear in the transcript of docket and journal entries. The final entry in the Probate Court does state that "the court being fully advised in the premises". This connotes that the Probate Court had presented to him such essential facts as were necessary to establish the application. What frequently happens, and what probably happened in the instant case, is that when the parties appear for hearing no witnesses are called but informal statements are made, which, if undisputed, could be accepted by the court as an agreed statement of facts.

The original certificate of deposit is not attached to the original application or to any of the papers. Exhibit A purports to be supplemental terms of the deposit No. 52047. This "supplemental terms" is not signed by Giza Rubenstein. It seems to us that the original certificate would have some probative force, and if essential to a determination of the application we would be warranted in concluding that the same was presented to the Probate Judge under the quoted language of the application "the court being fully advised in the premises".

It does appear in the application, and is undisputed, that the certificate of deposit was inventoried by the executrix as an asset of the estate, and that upon the filing of her final account she stated that the certificate was still in her hands. We would construe this to mean that it is in her hands as executrix.

It would seem obvious that if the certificate was at any time an asset of the estate, and the executrix apparently so considered it when she listed it as an asset in her inventory, then it should be distributed to the proper parties, and so long as it is in her hands as executrix the estate is not closed. It is probable that the executrix, before filing her first account, could have made a distribution of this item, but it appears that this was not done. The executrix still holds it.

We are constrained to the view that the Probate Court was correct in ordering the estate opened up.

The judgment will be affirmed and costs adjudged against appellant. Case remanded.

HORNBECK and GEIGER, JJ., concur.