## In re Estate of REESE.

[Cite as *In re Estate of Reese* (1995), 106 Ohio App. 340.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

Nos. CA94–12–048, CA94–12–049.

Decided Sept. 11, 1995.

*Emens, Kegler, Brown, Hill & Ritter* and *R. Douglas Wrightsel;* *Nichols, Stonecipher & Flaz* and *Wallace V. Nichols,* for Nancy T. Robinson, Executor.

*Dinsmore & Shohl, Wiley Dinsmore* and *Rita Miller Altimari,* for Nancy T. Robinson, individually.

*Tanner, Mathewson & Hansgen* and *Shirley C. Hansgen,* for appellees Anne Snodgrass, Andrew Scott and Edna Jeffries.

---

KOEHLER, Judge.

Appellant, Nancy T. Robinson, individually and as executor of the estate of decedent Elizabeth Reese, appeals from the Madison County Probate Court's denial of her Civ.R. 60(B) motion for relief from a judgment upholding exceptions to the inventory of Reese's estate. We reverse.

Appellees, Andrew Scott, Anne Snodgrass and Edna Jeffries, next of kin and legatees of the decedent, filed exceptions when three joint and survivorship accounts held in the names of the decedent and appellant were not included in the inventory of the estate. After a hearing on the exceptions, the probate court concluded that the accounts were for the decedent's convenience and not intended to transfer a present interest to appellant. The court ordered that the joint and survivorship accounts be included in the estate inventory. Appellant's first appeal was dismissed on July 5, 1994 when this court determined that since

appellant did not enter an appearance at the hearing as an individual, she lacked standing to pursue an appeal in that capacity. On November 23, 1994, the Ohio Supreme Court declined to accept the case for review. *In re Estate of Reese* (1994), 71 Ohio St.3d 1412, 641 N.E.2d 1111.

Appellant subsequently filed motions in her individual capacity and as executor for relief from judgment pursuant to Civ.R. 60(B). Appellant noted that the Ohio Supreme Court decision in *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, decided on July 20, 1994, overruled *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, which the probate court relied on as controlling precedent in ordering that the joint and survivorship accounts be included in the estate inventory. The Supreme Court held in *Wright v. Bloom* that the opening of a joint and survivorship account, in the absence of fraud, duress, undue influence, or lack of capacity, is conclusive evidence of an intent to create a survivorship interest in the balance remaining at death, which may not be defeated by extrinsic evidence of the decedent's intent. Appellant argued that under Civ.R. 60(B)[1] the court should vacate its prior order and rule that the accounts not be included in the estate inventory.

The probate court overruled appellant's motion, finding first that since appellant lacked standing as an individual to appeal from the judgment, she also lacked standing as an individual to pursue a Civ.R. 60(B) motion. We agree. The court then addressed appellant's motion as executor on the merits and found that pursuant to *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, a subsequent change in the controlling case law does not constitute grounds for Civ.R. 60(B) relief. Appellant's sole assignment of error is as follows:

"The lower court erred in failing to vacate its prior order that the joint and survivorship account be included on the estate inventory."

Appellant points out that the Ohio Supreme Court in *Wright v. Bloom, supra,* rejected the argument that it must be shown that the decedent intended the joint tenants on a joint and survivorship account to have a present lifetime interest in the account and held that the survivorship interest may not be defeated by extrinsic evidence. Appellant argues that since the original decision in the instant case was still under appeal when *Wright* was decided and appellant had

---

1. Civ.R. 60(B) states in part:

"[T]he court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

also filed a declaratory judgment action,[2] *Wright v. Bloom* is controlling in this case.

To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

The controlling issue on appeal, determination of which will also essentially resolve appellant's declaratory judgment action, is whether the decision in *Wright v. Bloom, supra,* applies to this case. A factually similar case, *In re Estate of Mayer* (Feb. 18, 1994), Lucas App. No. L-93-131, unreported, 1994 WL 50254, was decided by the Sixth District Court of Appeals on February 18, 1994, more than four months before this court dismissed the first appeal in the instant case. In *Mayer,* the appellant-executor was named with the decedent on a joint and survivorship account. The probate court found, in considering evidence of the decedent's intent, that no valid joint and survivorship account was established and the funds should be included in the estate inventory. The Sixth District Court of Appeals affirmed.

The executor in *Mayer* appealed to the Ohio Supreme Court. Before the Supreme Court accepted or declined the *Mayer* appeal, it decided *Wright v. Bloom* on July 20, 1994. On August 10, 1994, the Ohio Supreme Court declined the discretionary appeal in *Mayer.* However, on September 28, 1994, the Supreme Court granted a motion for reconsideration and decided to allow the appeal, stating, "Cause held for decision in *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31." 70 Ohio St.3d 1458, 639 N.E.2d 796. On November 23, 1994, the Ohio Supreme Court declined to accept the instant case for review. *In re Estate of Reese* (1994), 71 Ohio St.3d 1412, 641 N.E.2d 1111. Then on December 30, 1994, the Supreme Court *sua sponte* reversed the court of appeals in *Mayer* and remanded "for consideration of the appeal in light of *Wright v. Bloom.*" *In re Estate of Mayer* (1994), 71 Ohio St.3d 390, 643 N.E.2d 1144.

It is apparent under the first prong of the *GTE* test, *supra,* that if the result in *Wright v. Bloom* is applied to the instant case, appellant would have a meritorious claim to present if relief from judgment is granted. Under *GTE*'s second prong, *Wright v. Bloom* clearly overrules the precedent relied on by the

---

2. On January 4, 1994, Nancy T. Robinson filed a declaratory judgment action in the General Division of the Madison County Common Pleas Court, case No. 95CV-01-001, seeking a determination that she is the owner of the account proceeds.

probate court and would entitle appellant to relief under Civ.R. 60(B)(4) if applied in this case.

As to the third prong of the *GTE* test, the court must determine if the Civ.R. 60(B) motion was brought within a reasonable time. The decedent's estate in this case is not yet closed and cannot be closed because appellant's individual right to the joint and survivorship accounts has not yet been adjudicated. These accounts are listed in the inventory, but cannot be accounted for in a final account because they are not under the control of the estate. The estate cannot file a final account. See R.C. 2101.141 (estate is not closed until a final accounting has been filed and approved); *In re Estate of Rubenstein* (P.C.1943), 46 Ohio Law Abs. 91, 96, 68 N.E.2d 668 (if executor still has estate assets in her hands, the estate is not closed).

Appellant, as we previously ruled in the first appeal in this case, was not a party individually to the inventory exceptions proceedings and therefore lacked standing to appeal. *In re Estate of Reese* (July 5, 1994), Madison App. No. CA94–05–020, unreported, jurisdictional motion denied (1994), 71 Ohio St.3d 1412, 641 N.E.2d 1111. The result of the probate court's ruling in the exceptions proceeding is that the estate, according to *In re Thompson,* had a claim against the appellant herein in her individual capacity. That claim is pending as a declaratory judgment action in the general division of the Madison County Common Pleas Court. As we have stated above, *Wright v. Bloom* clearly overrules *Thompson.* Appellant as executor seeks Civ.R. 60(B) relief to avoid having to proceed at further expense to the estate with a declaratory judgment action which the estate cannot win. Since the estate is still open and a declaratory judgment action is still pending, we find that the third test of *GTE* has been met and that the Civ.R. 60(B) motion was brought within a reasonable time. In light of these factors and of the Ohio Supreme Court's application of *Wright v. Bloom* in the *Mayer* case, we find *Wright v. Bloom* to be controlling here.

Accordingly, the judgment of the probate court in this case is reversed, and the cause is remanded with instructions to exclude the three joint and survivorship accounts from the inventory of the estate pursuant to *Wright v. Bloom, supra.*

The judgment is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.