The FIRESTONE TIRE & RUBBER CO.,
Petitioner-Appellant,

v.

The GENERAL TIRE & RUBBER CO.,
Respondent-Appellee.

The FIRESTONE TIRE & RUBBER CO.,
Petitioner-Appellant,

v.

Honorable Frank J. BATTISTI,
Respondent-Appellee.

Nos. 20594, 20631.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 1970.

Victor DeMarco, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for appellant.

Charles J. Merriam, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for appellee.

Before EDWARDS, McCREE and BROOKS, Circuit Judges.

### ORDER

In these cases, which we have consolidated because of their common factual background, we consider a motion to dismiss (No. 20594) and a petition for a writ of mandamus (No. 20631).

In case number 20594, appellant seeks review of an order of the District Judge adjudicating it guilty of perpetrating a fraud upon the federal District Court in Baltimore, Maryland. Appellee General Tire has filed a motion to dismiss on the ground that the District Judge's order is not a final order within

the meaning of 28 U.S.C. § 1291 and that this court therefore lacks jurisdiction to review the order at this time. We agree. In determining whether an order is "final", we must balance the "competing considerations [of] 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other' ". Gillespie v. United States Steel Corp., 379 U.S. 148, 152–153, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964), quoting from Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950). In the present case, we can perceive no serious injustice that would result from delaying review of the District Judge's order until a final adjudication of the merits of this controversy. On the other hand, proceeding to trial without the interference of an appeal will hasten the termination of this already protracted piece of litigation. Moreover, although the District Judge stated that he was dismissing the Baltimore case, he "consolidated" the issues of that case into the Cleveland case. The fraud adjudication therefore was preserved for appeal at the appropriate time.

■■ In case number 20631, appellant asks that we issue a writ of mandamus directing the District Judge either to reverse his ruling on the issue of patent misuse and to dismiss the Cleveland case, or to certify that appellant should be permitted to prosecute an interlocutory appeal on this issue pursuant to 28 U.S.C. § 1292(b). The first alternative is a transparent attempt to substitute a writ of mandamus for an appeal and we reject it as being entirely without merit. We also decline to issue a writ of mandamus directing the District Judge to certify an interlocutory appeal. We do not consider his refusal to certify an interlocutory appeal "a clear abuse of discretion or usurpation of judicial power" warranting the issuance of an extraordinary writ pursuant to our authority under 28 U.S.C. § 1651(a). University National Stockholders Protective Committee, Inc. v. University National Life

Insurance Co., 328 F.2d 425, 426 (6th Cir. 1964); Benton Harbor Malleable Industries v. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, 355 F.2d 70 (6th Cir. 1966).

Accordingly, appellee's motion to dismiss the appeal in case number 20594 will be, and it hereby is, granted. Also, the petition for a writ of mandamus in case number 20631 will be, and it hereby is, denied. Finally, appellant's requests for a stay of all proceedings in the District Court will be, and they hereby are, denied.