### In re MARITIME SERVICE CORP., Petitioner.

No. 75–1120.

United States Court of Appeals, First Circuit.

Submitted April 7, 1975.

Decided May 13, 1975.

---

Rafael Cuevas-Kuinlan and Cancio, Cuevas & Mayo, Santurce, P. R., on petition for petitioner.

Jorge Souss and O'Neill & Borges, Hato Rey, P. R., on memorandum in opposition for Mayaguez Shoe Corp.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

## ON PETITION FOR WRIT OF MANDAMUS AND OTHER RELIEF

PER CURIAM.

Petitioner is the plaintiff in an action filed in the District Court for the District of Puerto Rico seeking to recover demurrage charges for containers allegedly detained by defendant, an intervenor in the mandamus proceedings, Mayaguez Shoe Corporation. On February 12, 1975, the district court entered an order stating that the complaint would be dismissed for lack of subject matter jurisdiction unless it was amended within 10 days to allege jurisdiction under 28 U.S.C. § 1333 (admiralty). Petitioner had alleged jurisdiction under 28 U.S.C. § 1337, which grants the district courts original jurisdiction over matters "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Petitioner contends that its suit arises under the Shipping Act, 46 U.S.C. §§ 801–842, and the Intercoastal Shipping Act, 46 U.S.C. §§ 843–848. The court held the Shipping Acts to be purely regulatory statutes which created no private right of action under which a suit for demurrage might "arise".

Petitioner, rather than amend its complaint, requested that the judge certify the question of jurisdiction so that it might seek interlocutory review from this court under 28 U.S.C. § 1292(b). Upon the judge's refusal to grant certification petitioner filed the present action for mandamus to compel the district court to certify the jurisdictional question.[1] We deny the petition.

As the Supreme Court has made abundantly clear, ". . . [o]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy . . . the party seeking mandamus has 'the burden of showing that its right to issuance of the writ is "clear and indisputable."'" Will v. United States, 389 U.S. 90, 95–96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967). The Court was very clear in Will that a claim, or even the existence of reversible error does not necessarily warrant interlocutory review by means of mandamus. 389 U.S. at 98 n. 6, 88 S.Ct. at 275; 9 J. Moore, Federal Practice ¶ 110.28. Since § 1292(b) permits certification only when the district court is "of the opinion" that an otherwise nonappealable order involves "a controlling question of law as to which there is substantial ground for difference of opinion . . .", we would have, absent more, little difficulty in denying the petition as wholly inappropriate. Firestone Tire & Rubber Co. v. General Tire & Rubber Co., 431 F.2d 1199 (6th Cir. 1970), cert. denied, 401 U.S. 975, 91 S.Ct. 1196, 28 L.Ed.2d 325 (1971). We

---

1. On March 19, 1975, the district court, finding that petitioner had failed to amend its complaint, dismissed the suit. The following day petitioner filed in the district court a request for a "stay of proceedings" pending decision on its petition for mandamus. The district court vacated its order of dismissal and granted the stay.

are prompted to probe more deeply by several peculiar facts presented by the petition.

The onus of petitioner's claim is not simply that the district court's jurisdictional ruling was erroneous, but that it was in conflict with a prior ruling by another judge of the same court. The conflict renders hazardous, petitioner argues, the future of some fifty similar actions which it claims to have filed in the district court for Puerto Rico. Construed as a petition for a writ instructing the district court to take jurisdiction under the Shipping Acts, premised on our supervisory powers, La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); In re Ellsberg, 446 F.2d 954 (1st Cir. 1971),[2] the instant request requires further analysis.

Two factors convince us that even construed as a request for supervisory mandamus, the petition must be denied. First, Will v. United States, *supra,* with all its restrictive language, followed, and must be viewed as limiting *La Buy* and *Schlagenhauf.* Second, petitioner has available the normal course of appellate review. Belcher v. Grooms, 406 F.2d 14 (5th Cir. 1968). The district court vacated its dismissal of the complaint only pending disposition of the petition for mandamus. Upon reentry of the dismissal there will be a final order which petitioner may appeal.[3] Further, since the claim under 28 U.S.C. § 1333 represents a different cause of action, even an unsuccessful appeal of the dismissal would not prevent the institution of a separate suit under that section.

For the foregoing reasons the petition for mandamus is denied.

2. To the extent that *Schlagenhauf* and *La Buy* are addressed to distinct problems, *see* Note, Supervisory and Advisory Mandamus Under the All Writs Act, 86 Harv.L.Rev. 595, 602–19, the present petition, involving both a problem of judicial organization, and a relatively novel substantive question, falls under both headings.

3. Because we do not sit again in Puerto Rico until February, 1976, petitioner may wish to move for expedited consideration of any appeal it chooses to pursue, submitting the case on the briefs pursuant to Rule 1 of the rules of this court.