**In re: EVERETT LE BLANC and LEE J. ROHN**

S. Ct. Civ. No. 2007-079

Supreme Court of the Virgin Islands

June 26, 2008

K. GLENDA CAMERON, ESQ., Rohn and Cameron, St. Croix, U.S.V.I., *Attorney for Petitioners*.

SWAN, *Associate Justice*; CABRET, *Associate Justice, concurring*.

## OPINION OF THE COURT

(June 26, 2008)

Everett Le Blanc, Lee J. Rohn ("Rohn"), and the Law Offices of Rohn and Cameron (collectively "Petitioners") filed a petition protractively titled "Petition for Writ of Mandamus to Require the Superior Court Presiding Judge Donohue to Apply Virgin Islands Law to Petitioner's Request for Interlocutory Appeal of the Court's Order Disqualifying

Counsel in this Matter" ("petition"). For the reasons explicated below, we will deny the petition for a writ of mandamus.

## I. FACTS AND PROCEDURAL HISTORY

In 1998, Everett Le Blanc ("Le Blanc") was allegedly injured in a worksite accident, thereby prompting the underlying suit. During the alleged accident, Le Blanc purportedly suffered an electric shock, fell to the ground from a significant height, and sustained injuries, while performing electrical work for the Virgin Islands Water and Power Authority ("WAPA").

On April 20, 1999, Le Blanc filed a verified complaint, alleging that WAPA is liable for the injuries he sustained, damages he suffered, and losses he incurred as a result of the accident. While conducting discovery, Petitioners attempted to depose Richard Jensen ("Jensen"), an electrician supervisor at WAPA. Jensen's deposition was scheduled for May 14, 2001. However, on May 14, 2001, Petitioners cancelled the deposition. Jensen's deposition was rescheduled for June 18, 2001. This second attempt to take Jensen's deposition was also aborted.

In a July 24, 2001 affidavit, Rohn explained that during a June 18, 2001 telephone call from Julio Brady, Esq. ("Brady"), Jensen's attorney, Brady disclosed his representation of Jensen generally and specifically in Jensen's employment dispute with WAPA. Rohn averred that Brady stated that "Jensen did not wish to be deposed and that [Jensen] had a problem with attending the deposition as noticed, but was willing to give a voluntary statement in lieu of his deposition, and inquired . . . whether such a statement would suffice." According to her affidavit, Rohn elected to take Jensen's voluntary statement in her office without Brady being present, because Brady stated that it was unnecessary for him to accompany Jensen to Rohn's office for Jensen to give his statement to Rohn. Subsequently, Jensen visited Rohn's law office, and during his visit Rohn took Jensen's statement. No WAPA representative was present during Jensen's visit to Rohn's office.

In Jensen's affidavit that he gave to Rohn, Jensen admitted that it was his duty to ensure Le Blanc's worksite safety. Jensen further admitted that he failed to inspect a defective fixture before it was installed. Jensen also admitted that LeBlanc's injuries could have been prevented had Jensen inspected the fixture before it was installed.

WAPA complained that although Jensen was on extended unpaid sick leave at the time he gave the affidavit to Rohn, he was nevertheless a WAPA supervisory employee. Therefore, Rohn's contact with Jensen violated Rule 4.2 of the Model Rules of Professional Conduct ("Rule 4.2"),[1] which prohibits opposing counsel's communication with represented persons about the subject of the representation, outside the presence of counsel for the represented persons.[2] The Superior Court agreed with WAPA's contention and entered a January 31, 2007 order, attested on February 1, 2007, which disqualified the "Law Offices of Lee J. Rohn" as counsel in the underlying case, *Everett Le Blanc v. Virgin Islands Water & Power Authority*, Civ. No. 99/238, which is pending in the Superior Court.[3]

Rohn moved the Superior Court to certify the issue of her January 31, 2007 disqualification for an interlocutory appeal. In its May 11, 2007 Order, the Superior Court considered Rohn's motion for an interlocutory appeal and denied it based upon the premises contained in Rohn's motion. Petitioners now seek a writ of mandamus to compel the Superior Court to apply Virgin Islands law, to vacate its May 11, 2007 order, and to

---

[1] Rule 4.2(a) of the American Bar Association's Model Rules of Professional Conduct provides:

**Rule 4.2. Communication With Persons Represented By Counsel**

(a) General Rule. In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. Notwithstanding the foregoing, an attorney may, without such prior consent, communicate with another's client if authorized to do so by any law, rule, or court order, in which event the communication shall be strictly restricted to that allowed by the law, rule or court order, or as authorized by paragraphs (b), (c), (d), or (e) of this Rule.

The rules apply in the Virgin Islands pursuant to Rule 203(a) of the Virgin Islands Supreme Court Rules.

[2] SUPER. CT. R. 303(a) ("The Superior Court, in furtherance of its inherent powers and responsibility to supervise the conduct of all attorneys who are admitted to practice before it, hereby adopts the ABA's Rules of Professional Conduct and Rule of Disciplinary Enforcement, superseding all of its other rules pertaining to disciplinary enforcement heretofore promulgated."). This rule is now VISCR 203(a).

[3] There is no February 2, 2007 order of the trial court in this record. Notwithstanding repeated mention of the trial court's "February 2, 2007 order," including, for example, in Petitioners' motion titled "Motion to Certify this Court's February 2, 2007 Order for Interlocutory Appeal," the trial court's January 31, 2007 order disqualifying Rohn was attested by the Chief Deputy Clerk on February 1, 2007.

recommend the disqualification issue for interlocutory appeal. Also, Rohn asserts that the trial court applied an erroneous standard when it applied federal law instead of local law, in denying her motion seeking the trial court's recommendation for an interlocutory appeal.

Petitioners' request for a writ of mandamus presents two issues.[4] The first issue is whether this Court can issue a writ of mandamus to compel the trial court to recommend or certify for interlocutory appeal an order disqualifying a counsel of record, when the disqualified counsel claims that the trial court relied on federal law rather than on local law in reaching its decision. The second issue is whether this Court should issue a writ of mandamus to a trial court when the trial court refuses to enter an order, allowing an interlocutory appeal from its order disqualifying a counsel of record, pursuant to Rule 4.2 of the Model Rules of Professional Conduct.

## II. DISCUSSION

### A. This Court's Jurisdiction

This Court has jurisdiction over this matter pursuant to title 4, section 32(b) of the Virgin Islands Code.[5] Rule 13 of the Virgin Islands Supreme Court Rules governs petitions for writs of mandamus before this Court. In pertinent part, this Rule provides that:

---

[4] The "Issues Presented" section of the petition states:

 A. Whether the Superior Court committed manifest error when it denied Petitioner's request for Certification of its Order for appeal on the basis of federal law, and failed to consider and apply local law governing this issue, where all requirements of the local law were met?

 B. Whether Model Rules of Professional Conduct 4.2, which expressly provides that a lawyer may communicate with a constitutent "where there is consent to the communication from the lawyer representing the constituent" was violated when Attorney Rohn communicated with a former employee of Defendant after receiving permission to do so from the former employee's counsel, communicated with the former employee? Petitioners contend that the lower court failed to follow the express mandate of Rule 4.2, which provides that Counsel's action in this matter was otherwise authorized by law when it disqualified counsel in this matter. Thus, as a matter of law, counsel is entitled to an Order from this Court mandating the lower court to follow the express requirement of Rule 4.2 and vacate its Order disqualifying counsel in this matter.

[5] V.I. CODE ANN. tit 4, § 32(b) provides:

 The Supreme Court shall have all inherent powers, including the power to issue all writs necessary to the complete exercise of its duties and jurisdiction under the laws of the Virgin Islands. The Supreme Court's authority also includes jurisdiction of original

The petition shall contain a statement of the facts necessary to understand the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue; *and copies of any order or opinion or parts of the record which may be essential to understand the matters set forth in the petition.*

V.I. S. CT. R. 13 (emphases added).

In their petition, Petitioners enclosed copies of the following documents for the record. The first document supporting Petitioners' petition is the trial court's March 27, 2007 order, striking from the trial court's record Petitioners' motion for the trial court to recommend its January 31, 2007 order for interlocutory appeal because of non-compliance with the trial court's filing procedures. (App. to Pet. at 2.) The second document offered in support of the petition is the trial court's January 31, 2007 order granting defendant's motion for disqualification of Rohn. (App. to Pet. at 4.) The third document filed by Petitioners to support their petition is Petitioners' motion to certify the trial court's February 1, 2007 order for interlocutory appeal which is also incorporated by reference in the petition (Pet. at 11; App. to Pet. at 13).

Significantly, the petition does not include a copy of the trial court's May 11, 2007 order. This order denied Petitioners' motion for the trial court to certify its January 31, 2007 order for interlocutory appeal.[6] Our Rule 13 instructs that an order, such as the trial court's May 11, 2007

---

proceedings for mandamus, prohibition, injunction, and similar remedies to protect its appellate jurisdiction.

[6] The trial court's May 11, 2007 order states:

This matter is before the Court *sua sponte.* On March 1, 2007, Plaintiff submitted a[] Motion to Certify This Court's February 2, 2007 Order for Interlocutory Appeal, which contained a 26 page legal brief. Pursuant to Local Rule 7.1(e), briefs shall not exceed twenty (20) pages without leave of Court. The Court struck the Motion and returned it to Plaintiff. Plaintiff then filed the exact same motion verbatim using a different font and smaller point to make it comply with the twenty (20) page maximum. Nevertheless, the Court will render a ruling in this matter.

"[O]rders disqualifying counsel in civil cases . . . are not sufficiently separable from the merits to qualify for interlocutory appeal." *Richardson-Merrell, Inc. v. Kollar,* 472 U.S. 424, 440, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985). The U.S. Supreme Court further held that a "disqualification order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal." *Id.* at 438, 105 S. Ct. 2757. Having been advised of the premises therein, it is hereby

order, be made a part of the Petitioner's petition for a writ of mandamus, if the order is essential for this Court to understand the matters set forth in the petition. Although not presented by Petitioners, we sua sponte reviewed the trial court's May 11, 2007 order, because we consider that order important to our understanding the issues enumerated in the petition.[7]

## B. Standards for Writ of Mandamus

 "The traditional use of the writ in aid of appellate jurisdiction . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S. Ct. 938, 87 L. Ed. 1185 (1943); *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000); *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2001). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976). It is noteworthy that mandamus "is seldom issued and its use is discouraged." *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir. 1988); *In re Chambers Dev. Co.*, 148 F.3d 214, 223 (3d Cir. 1998). Similarly, "[o]nly exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980); *Will v. United States*, 389 U.S. 90, 95, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967); *In re Chambers Dev. Co.*, 148 F.3d at 223; *see also Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 462 (3d Cir. 1996). Further, "[m]andamus is

---

**ORDERED** that Plaintiff's Motion to Certify this Court's February 2, 2007 Order for Interlocutory Appeal is **DENIED,** it is further

**ORDERED** that Plaintiff has Thirty (30) day[s] from this Order to obtain new counsel. **IT IS SO ORDERED** this 11th day of May, 2007.

[7] We thoroughly applied mandamus standards to the trial court's order denying Petitioners' motion for an interlocutory appeal. We are perplexed that, without citing any basis, and without regard to Rule 13 of the Virgin Islands Supreme Court Rules, which Rule does not confine our mandamus review to any single order of the Superior Court in a mandamus petition, the Concurring Opinion finds that "the majority opinion incorrectly applies the mandamus requirements to the trial court's disqualification order when the analysis should instead be focused on the court's order denying interlocutory certification." (Concurring Op. at 1.) Also, the facts and procedural history appearing in this opinion were necessary for understanding and deciding this case.

disfavored because its broad use would threaten the policy and established precedent against piecemeal appeals." *In re Sch. Asbestos Litig.*, 977 F.2d 764, 772 (3d Cir. 1992).

In *Cheney v. U. S. Dist. Court for the D. C.*, 542 U.S. 367, 380-381, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004), the United States Supreme Court expounded on the three prerequisites upon which mandamus may lie:

> As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires,—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

(Internal citations and quotations omitted). *See also In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 399 (3d Cir. 2006).

As to the first condition, we agree that "[w]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus." *In re Patenaude*, 210 F.3d at 141. Additionally, "a petitioner cannot claim the lack of other means to relief, if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." *In re Briscoe*, 448 F.3d at 212.

To satisfy the second condition, Rohn must establish that her right to the writ is clear and indisputable. *In re Briscoe*, 448 F.3d at 212; *In re Patenaude*, 210 F.3d at 141. A clear and indisputable right to the writ exists where the petitioner demonstrates that the lower court committed a clear error of law or clearly abused its discretion. *Id.* However, "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chemical Corp.*, 449 U.S. at 36 (quoting *Will*, 437 U.S. at 666).

For the third condition, this Court, in its discretion, must determine that the circumstances justify issuing a writ. "[M]ere error, even gross

error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ." *United States v. DiStefano*, 464 F.2d 845, 850 (2d Cir. 1972). "But even where a petitioner satisfies its burden of demonstrating the existence of the first two prerequisites, the availability of the writ does not compel its exercise." *In re Patenaude*, 210 F.3d at 141. Legal precedent instructs that in considering a petition for writ of mandamus, "the reviewing court in its discretion must conclude that the writ 'is appropriate under the circumstances.'" *In re Briscoe*, 448 F.3d at 212 (quoting *Cheney*, 542 U.S. at 381); *see also In re Patenaude*, 210 F.3d at 141; *In re Chambers Dev.*, 148 F.3d at 223. After applying the pertinent legal precedent to this case, we conclude that Petitioners failed to satisfy the prerequisites for a writ of mandamus.

### 1. Petitioners Can Appeal Disqualification at the End of the Case

█ The petition in this case must be denied, because Petitioners can file an appeal after a final judgment in the trial court. In *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985), the Supreme Court decided whether an interlocutory appeal was available to an attorney who was disqualified in a civil case. The trial court disqualified counsel and their law firm and revoked their *pro hac vice* admissions, because certain information was released to the media and because of improper contacts with a witness. *Id.* at 429. The Circuit Court of Appeals for the District of Columbia reversed. *Id.* The United States Supreme Court granted certiorari and reversed the appellate court, concluding that an order disqualifying counsel was not a final order and not immediately appealable. *Id.* The *Koller* court rejected a case-by-case approach to counsel disqualification cases, concluding that "orders disqualifying counsel in civil cases, *as a class,* are not sufficiently separable from the merits to qualify for interlocutory appeal." *Id.* at 440 (emphasis added).

█ Furthermore, the United States Supreme Court elucidated that there is always an adequate remedy for a disqualified attorney at the end of the trial. The Supreme Court stated that "[a] disqualification order can be reviewed as effectively on appeal of a final judgment as an interlocutory appeal." *Id.* at 438. The fact that a reviewing court would have dealt with disqualification differently is irrelevant. The United States Supreme Court further opined that:

Particularly where the grounds for disqualification are troubling ... "it would seem to us to be a disservice to the Court, to litigants in general and to the idea of speedy justice if we were to succumb to enticing suggestions to abandon the deeply-held distaste for piecemeal litigation in every instance of temptation. Moreover, to find appealability in those close cases where the merits of the dispute may attract the deep interest of the court would lead, eventually, to a lack of principled adjudication or perhaps the ultimate devitalization of the finality rule as enacted by Congress."

*Id.* at 440 (quoting *Bachowski v. Usery*, 545 F.2d 363, 373-374 (3d Cir. 1976)).

Rohn's disqualification falls pointedly within the strictures of *Koller*. The trial court's May 11, 2007 decision, which denied Rohn's motion seeking an interlocutory appeal, utilized the pronouncements and wisdom of the United States Supreme Court that counsel disqualification orders are not sufficiently separable from cases' merits to warrant interlocutory appeals. (Order of Super. Ct., May 11, 2007.) The trial court also discussed that appellate review of the merits of an attorney's disqualification would be available after the trial. (*Id.*) Ultimately, the trial court considered Petitioners' arguments and rejected them, specifically citing its consideration of Petitioners' motion, and not federal law, as its basis for denial. (*Id.*) Petitioners simply disagree with the trial court's basis for its May 11, 2007 decision. Their disagreement, however, should be pursued after final judgment, because we cannot resolve the disagreement before judgment without intruding into the merits of the dispute.

In *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999), the United States Supreme Court considered the appealability of an order imposing sanctions. The trial court disqualified counsel from the case, and also ordered her to pay reasonable fees for her discovery abuses. *Id.* at 201. The court of appeals dismissed the appeal for lack of jurisdiction, and the Supreme Court affirmed. *Id.* at 203. The Supreme Court emphasized that a sanction order is inextricably intertwined with the merits of the case. *Id.* at 205. The Supreme Court surmised that because a lawyer's ethical obligation lies with the client, a case should never depend on a particular lawyer's participation. *Id.* at 206.

■ Similarly, in *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331 (3d Cir. 2001), the court dismissed an appeal and a petition for a writ of mandamus filed by a disqualified counsel, complaining about a trial court's sanctions order. Citing *Richardson-Merrell* and *Cunninghan*, the court concluded that the sanctions order was not sufficiently separate from the underlying merits of the case. *Id.* at 339. The court opined that denying interlocutory jurisdiction did not prevent appellate jurisdiction on the merits of the case, that counsel's inability to participate in the case did not make the sanctions order a final order, and that counsel may monitor the litigation to appeal after a final judgment has been issued. *Id.* Accordingly, Petitioners have an adequate remedy. Moreover, mandamus "will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380. Therefore, Petitioners have failed to fulfill the first requirement for a writ of mandamus.

### 2. Petitioners Lack a Clear and Indisputable Right to Relief

Petitioners assert that the Superior Court should not have relied upon *Richardson-Merrell* in denying their request for a certification order because it is federal law. They argue that the trial court should have applied local law. Specifically, Petitioners importune this Court to issue a writ of mandamus, because the Superior Court failed to apply "the Virgin Islands statute governing Appeals by Permission, and instead denied the request for certification on the basis of a [United States] Supreme Court decision . . . ."[8] The record before us does not support Petitioners' central claim that the Superior Court's decision not recommending an interlocutory appeal to this Court was based on a federal law. Moreover, Petitioners' assertion contradicts their claim of a clear and indisputable right to relief. The Superior Court reasoned, quoting the United States Supreme Court, that this type of interlocutory appeal is not sufficiently separable from the case's merits and that an appeal after its final judgment is effective to review errors by the trial court. (Order of Super. Ct., May 11, 2007.) According to the Superior Court, its conclusion was based on the premises contained in Petitioners' motion.

It is necessary to posit the Superior Court's order in its context in order to determine whether federal law was the basis of the trial court's refusal

---

[8] (Pet. for writ of mandamus at 2.)

to issue a statement for interlocutory appeal. Petitioner's motion seeking the Superior Court's requisite opinion for an interlocutory appeal cited to Virgin Islands Supreme Court Rule 6 and section 33(c) of title 4 of the Virgin Islands Code. However, under the "discussion" section of Petitioner's motion to certify the trial court's February 2, 2007 order for interlocutory appeal, Petitioners presented and addressed three issues all of which involved the merits of Rohn's disqualification.[9] The Superior Court considered the arguments contained in Petitioners' motion and rejected them on the basis of being "advised of the premises therein" and not on the basis of federal law.[10]

---

[9] The issues presented in Appellants' motion before the trial court are titled as follows:

"I. Whether Attorney Rohn Violated Model Rule of Professional Conduct 4.2 and must be Disqualified Involves Controlling Questions of Law . . .

. . . .

II. There Is Substantial Ground for a Difference of Opinion Regards to Rule 4.2's Application to Corporate Defendants. . . .

. . . .

III. An Interlocutory Appeal will Materially Advance the Ultimate Termination of This Litigation.

. . .

[10] "Having been advised of the premises, it is hereby ordered that Plaintiff's Motion to Certify This Court's February 2, 2007 Order for Interlocutory Appeal is DENIED. . . ." (Order of the Super. Ct. May 11, 2007.) *See Hendrix v. United States*, 219 U.S. 79, 88, 31 S. Ct. 193, 195, 55 L. Ed. 102 (1911) (*overruled on other grounds by Funk v. United States*, 290 U.S. 371, 387, 54 S. Ct. 212, 78 L. Ed. 369 (1933) ("the order recites that the court granted the motion, 'being well advised in the premises.' This means advised . . . in the way provided by the statute.")); *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183, 41 V.I. 502 (3d Cir. 1999) ("award is based on the '*premises considered* and . . . .'") (quoting trial court's order, emphasis supplied). *See also, In re Rubenstein's Estate*, 46 Ohio Law Abs. 91, 68 N.E.2d 668, 670 (1943) ("Probate Court does state that 'the court being fully advised in the premises'. This connotes that the Probate Court had presented to him such essential facts as were necessary to establish the application."). *In re Bort's Estate*, 75 Ill. App. 2d 322, 221 N.E.2d 24, 26 (1966) ("if the court signs an order which includes the words 'the court was fully advised in the premises' it must mean, in the absence of any contrary indication in the order or in the record, that 'the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented.'") (quoting *Smith v. Smith*, 36 Ill. App. 2d 55, 183 N.E.2d 559, 561 (1962)); *see, e.g., Kerndt v. Ronan*, 236 Neb. 26, 458 N.W.2d 466, 470 (1990) ("the phrase 'fully advised in the premises' . . . means 'in consideration of the evidence adduced at trial.'"). A "premise" is "a previous statement or contention from which a conclusion is deduced." BLACK'S LAW DICTIONARY 1219 (2004). Clearly, the trial court deduced its conclusion to deny Petitioners' motion upon the

Generally, Petitioners are correct in their argument that the Superior Court should rely on local law in ruling on a motion such as theirs. *See Waialua Agric. Co. v. Christian*, 305 U.S. 91, 109, 59 S. Ct. 21, 83 L. Ed. 60 (1938) ("territorial courts should declare the law of the territories with the least possible interference . . . . Unless there is clear departure from ordinary principles, the preference of a federal court as to the correct rules of general or local law should not be imposed upon [the territory]."). However, because section 33(c), title 4 of and Virgin Islands Code and Rule 6 of the Virgin Islands Supreme Court Rules allow interlocutory civil appeals in conformity with the trial court's issuance of an opinion and order, both of which are absent in this case, Petitioners' contention of a right to an interlocutory appeal under local law is unavailing.

Importantly, for the following reasons, Petitioners have failed to demonstrate a clear and indisputable right to relief. Section 33(c), title 4 of the Virgin Islands Code provides that:

> Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, *is of the opinion* that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. *The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order*, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings.

*Id.* (emphasis added).

 Based upon the explicit language of section 33, Virgin Islands law consigns to the opinion of the trial judge the matter of whether an order involves a controlling question of law and warrants an immediate appeal to this Court. *Id.* Section 33 is identical to a parallel federal statute,

---

court's consideration of the premises contained in Petitioner's motion which includes its arguments regarding our local statutes and court rules.

title 28, section 1292(b) of the United States Code.[11] Additionally, statutes with similar language and purpose are construed alike. *Northcross v. Bd. of Ed. of Memphis City Sch.*, 412 U.S. 427, 428, 93 S. Ct. 2201, 37 L. Ed. 2d 48 (1973) ("similarity of language . . . is, of course, a strong indication that the two statutes should be interpreted *pari passu*."); *Cherokee Nation of Ok. v. Leavitt*, 543 U.S. 631, 644, 125 S. Ct. 1172, 161 L. Ed. 2d 66 (2005) ("it is important to provide a uniform interpretation of similar language."). Both federal and territorial statutes assign consideration of civil interlocutory appeals to the discretion or opinion of the trial judge. Consequently, we reject Petitioners' claim that the trial judge is foreclosed from considering as persuasive authority federal law on a subject which is identical to local law on the same subject. Therefore, we conclude that Petitioners' contentions in support of a writ of mandamus are meritless.

▮▮▮▮ In specifically addressing section 33, we are mindful that this section grants full authority to the trial judge to issue an opinion when the judge "is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." Importantly, without the trial judge's favorable opinion and discretion, a civil interlocutory appeal cannot ensue. *See Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) ("[a]bsent a certification order by the district court, we do not have authority to hear a question pursuant to § 1292(b)"). No litigant has a right to be heard on whether the trial court should enter an order for interlocutory appeal, because such an appeal is dependent on the trial judge's opinion. 4 V.I.C. § 33(c). Even if the trial court enters an order allowing an interlocutory appeal, this Court still has the discretion

---

[11] 28 U.S.C. § 1292 states:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

on whether to allow the appeal. Therefore, affording a litigant a civil interlocutory appeal is never automatic, because there is no unqualified right to such an appeal.

Petitioners argue that the Superior Court overlooked Rule 6(a) of the Rules of the Virgin Islands Supreme Court titled "Appeals by Permission." Rule 6(a), which is closely related to title 4, section 33(c), states:

> An appeal from an order in a civil action, under 4 V.I.C. Section 33 (c), containing the statement by a Superior Court judge that such order involves a controlling question of law about which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; may be sought by filing a petition for permission to appeal with the Clerk of the Court of the Supreme Court within ten days after the entry of such order in the Superior Court with proof of service on all other parties to the action in the lower court. An order as defined in this paragraph may be amended at any time to include the prescribed statement, and permission to appeal may be sought within ten days after entry of the order as amended.

Petitioners' reliance on this rule is misplaced. Rule 6(a) by its terms applies to Rule 33(c) orders, "containing the statement by a Superior Court Judge." More succinctly, there first must exist an order pursuant to title 4, section 33 of the Virgin Islands Code, before Rule 6 of the Virgin Islands Supreme Court Rules can apply. In this case, the Superior Court declined to enter an order for an interlocutory appeal. Specifically, the Superior Court never entered an order with an appropriate statement in compliance with Section 33(c), which is a prerequisite for Rule 6(a) to apply. Hence, Petitioners' claim that "the provisions of our local law, Supreme Court Rule 6 and 4 V.I.C. § 33(c), are met in this case to warrant certification,"[12] is simply erroneous.

Federal and Virgin Islands interlocutory appeals statutes are similar.[13] The objective of both statutes is the speedy resolution of

---

[12] (Pet. at 10.)

[13] The Virgin Islands interlocutory appeal statute and court rules do not use the term "certification" or "certify" in their text. Federal statutory provisions and court rules do. However, the terms are implicit from the language and objective of the local statute and court rules. This

disputes, which is inconsistent with the piecemeal litigation inherent in interlocutory appeals. *See Kerr*, 426 U.S. at 403 ("[m]ore importantly, particularly in an era of excessively crowded lower court dockets, it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation."). Both statutes also seek to prevent a "disservice to the Court, to litigants in general and to the idea of speedy justice . . . and the ultimate devitalization of the finality rule . . . ." *Koller*, 472 U.S. at 441 (quoting *Bachowski v. Usery*, 545 F.2d 363, 373-374 (3d. Cir. 1976)).

 "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Will*, 437 U.S. at 666 (plurality opinion); *Allied Chemical Corp.*, 449 U.S. at 36. "We are convinced," wrote the United States Supreme Court in *Will*, that a trial court's exercise of its discretion "ought not to be overridden by a writ of mandamus." 437 U.S. at 666. We agree. Under our statutes and rules, the issuance of an order for interlocutory appeal is within the opinion of the trial court. Because Petitioners have failed to establish that they enjoy any clear and indisputable right or entitlement to a writ of mandamus to compel the issuance of an order allowing an interlocutory appeal, their petition must be denied.

### 3. A Writ of Mandamus is Inappropriate in this Case

Before we exercise our discretion on whether to issue a writ of mandamus, Petitioners must demonstrate that a writ of mandamus is appropriate. *Cheney*, 542 U.S. at 381. Importantly, even if Petitioners had satisfied the other requirements for a writ of mandamus, we would nevertheless have to consider the third condition of whether the grant of a writ is appropriate, considering the factual circumstances of this case. *Kerr*, 426 U.S. at 403 ("it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed").

 Petitioners have failed to demonstrate that a writ of mandamus is appropriate in this case for the following reasons. First, Petitioners do have an adequate means of relief, because they can appeal the trial court's

---

seeming interchangeability is illustrated, for example, by Petitioners' repeated call for the trial court to "certify" or for "certification" by the trial court. (*See, e.g.*, Pet. at 2-3 & Pet. at 15 "Motions to certify interlocutory orders for appeal are governed by Supreme Court Rule 6 and 44 V.I.C. § 33 (c).").

ruling at the end of the case. Second, whether to enter an order to allow an interlocutory appeal is consigned to the trial court's opinion; therefore, Petitioners have no clear and indisputable right to an interlocutory appeal when the appeal is dependent on the trial judge's opinion. Indeed, there is no inkling in this case that the trial judge is of the opinion that this appeal involves a controlling question of law.

██ Moreover, we are mindful that a writ of mandamus may issue only in extraordinary circumstances where there is abuse of discretion amounting to the usurpation of judicial power. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). This appeal has nothing to do with the usurpation of power; it simply involves a matter of the trial court's opinion as codified in local law. Based upon the record before us, which is limited, we cannot conclude that in the exercise of its discretion the trial court usurped its power in declining to issue an order recommending an interlocutory appeal to us. Therefore, in this case, a writ of mandamus is not appropriate.

### III. The Court Will Not Reach the Merits of the Trial Court's Order

██ The other issue presented by Petitioner is whether the trial court erred in finding that Rohn violated Rule 4.2. Essentially, Petitioners invite us to review the merits of the trial court's order. We decline. Consideration of an attorney sanction order invariably entails appellate review on the merits of the case. *See, e.g., Comuso*, 267 F.3d at 339 ("[a]ny consideration of the sanctions imposed against [counsel] would necessitate consideration of the merits of the litigation.").

Title 4, section 33(a) of the Virgin Islands Code provides that "[a]ppealable judgments and orders to the Supreme Court shall be available only upon the entry of final judgment in the Superior Court from which appeal or application for review is taken." This rule, often called the final order rule, is similar to its federal counterpart, title 28, section 1291, of the United States Code.[14] There are, of course, exceptions to the

---

[14] 28 U.S.C. § 1291 provides that:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States

final order rule. The exception applicable to the instant case requires a judge's order promoting a civil interlocutory appeal pursuant to title 4, section 33(c) of the Virgin Islands Code. However, the petition before us is unaccompanied by the appropriate trial judge's order and, therefore, fails to satisfy this exception to the final order rule.

 Significantly, because there is no certification, or its functional equivalent, and no opinion from the Superior Court authorizing an interlocutory appeal for our review, we are without jurisdiction to entertain the petition to review the trial court's sanction order. *See Will,* 389 U.S. at 96 ("[a]ll our jurisprudence is strongly colored by the notion that appellate review should be postponed, except in certain narrowly defined circumstances, until after final judgment has been rendered by the trial court."). Nevertheless, relying on a case from another jurisdiction,[15] Petitioners invite us to review the trial court's reading of Model Rule of Professional Conduct 4.2. We decline, because it will require us to intrude into the merits of the case.

## IV. CONCLUSION

Petitioners do not meet the standards of the issuance of a writ of mandamus. First, Petitioners have an adequate means of relief, which is an appeal at the end of the case. Second, the issuance of certification orders for interlocutory appeals is thoroughly consigned to the opinion of the trial court. No opinion or order has been issued by the trial judge, concerning an interlocutory appeal. Consequently, Petitioners cannot have a "clear and indisputable right" to a writ of mandamus. Third, mandamus is unavailing to compel issuance of an order that is statutorily dependent on the trial judge's opinion; therefore, a writ of mandamus is not appropriate under the circumstances of this case.

Petitioners' petition for a writ of mandamus will be **DENIED.**

---

Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

[15] *Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College,* 436 Mass. 347, 764 N.E.2d 825 (2002).

## CONCUR

CABRET, *Associate Justice, concurring*

I concur with the majority's conclusion that we should deny the Petition for Writ of Mandamus. I write separately for two reasons. First, I believe the majority opinion incorrectly applies the mandamus requirements to the trial court's disqualification order when the analysis should instead be focused on the court's order denying interlocutory certification. Second, I believe majority opinion delves into facts and procedural history that are irrelevant to the salient issue in this appeal. Notwithstanding these differences in opinion, I agree that mandamus is not an appropriate means to review the trial court's order denying Petitioners' request to certify the disqualification order for interlocutory appeal.

The procedural facts relevant to my consideration of the petition for mandamus relief are as follows. The trial court issued an order disqualifying the Offices of Rohn and Cameron, LLC from their representation of Le Blanc. Le Blanc moved the trial court to certify the disqualification order for interlocutory appeal. The trial court denied the certification motion, ruling that orders disqualifying counsel cannot be reviewed on interlocutory appeal under the United States Supreme Court's opinion in *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985). Petitioners filed the instant Petition for Writ of Mandamus asserting that trial court "erred as a matter of law when it denied the motion for certification to this Court by relying upon United States Supreme Court precedent, *Richardson-Merrell*, . . . construing federal law and federal common law, rather than applying local law to determine whether the request for certification should be granted." (Pet. 3-4.) Petitioners argue that the trial court's decision whether to certify the order should have been made under title 4, section 33(c) of the Virgin Islands Code and Rule 6(a) of the Virgin Islands Supreme Court Rules, both of which provide the standard for certifying orders for interlocutory review. Thus, Petitioners want this Court to issue a writ of mandamus ordering the "Superior Court to consider the Motion for Certification for Interlocutory Appeal, pursuant to local law, set forth above." (Pet. 3.) It is important to note, that although Petitioners would also like us to consider the substance of the disqualification order, the crux of their petition is that we should compel the trial court to apply the

proper standard in reconsidering Le Blanc's motion for interlocutory certification.

Virgin Islands law establishes a dual gatekeeper system for examining whether an interlocutory order is a proper candidate for immediate review. Under this system:

> Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order.

V.I. CODE ANN. tit. 4, § 33(c); *see also* V.I. S. CT. R. 6. This Code section "confers on [trial] courts first line discretion to allow interlocutory appeals" and grants the appellate court discretion to review only orders first certified by the trial court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203, 1210, 131 L. Ed. 2d 60 (1995) (analyzing 28 U.S.C. § 1292(b)[1] which is substantively identical to section 33(c)); *accord Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75, 98 S. Ct. 2454, 2461, 57 L. Ed. 2d 351 (1978).

In this case, the trial court's order denying certification does not address the standard established under section 33(c). Instead, the trial court ruled that it would not certify the disqualification order for interlocutory appeal because such orders are not immediately reviewable under *Richardson-Merrell*. Accordingly, the issue before the Court is whether we should issue mandamus to compel the trial court to reconsider the motion to certify under the legal standard enunciated in section 33(c).

---

[1] 28 U.S.C. § 1292(b) provides: "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order."

As stated in the majority opinion, this Court will not grant mandamus relief unless the following three conditions are satisfied: "(1) there must be no other adequate means to attain the relief sought; (2) the right to issuance of the writ must be clear and indisputable; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In Re Pressman-Gutman, Co., Inc.*, 459 F.3d 383, 399 (3d Cir. 2006) (citations and quotation marks omitted).

In this case, it is questionable whether the first two conditions for mandamus have been satisfied. Again, we are not addressing the disqualification order, but whether the trial court clearly erred in applying the wrong standard when it denied interlocutory certification and whether Petitioners have another adequate means to challenge this asserted error. Although I cannot definitively conclude that the trial judge erred in failing to consider the proper standard for certification,[2] the trial court's order reflects that it denied the motion to certify based upon the United States Supreme Court's opinion in *Richardson-Merrell*, and not section 33(c). Accordingly, it is possible that, as urged by Petitioners, the trial court based its decision on the wrong legal standard. However, considering that the precedent relied upon by the trial court expressly prohibits interlocutory review of disqualification orders, I am not convinced that the trial judge's apparent error in employing the wrong standard rises to the level of clear error or a clear abuse of discretion that constitutes a judicial usurpation of power. *See In re Ford Motor Co.*, 344 F.3d 648, 651 (7th Cir. 2003) (To warrant mandamus, the trial court's action must constitute a judicial usurpation of power and "[b]ecause mandamus is not a substitute for an appeal, the terms 'clear abuse of discretion' or 'patent error' are not synonymous with the type of ordinary error that would justify reversal in a direct appeal.") (citing *Will v. United States*, 389 U.S. 90, 104, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967)).

But I need not resolve that issue or whether Petitioners have another adequate means to challenge the decision, because the third requirement—that the writ is appropriate under the circumstances—is not satisfied in this case. In this regard, even if we find that Petitioners have technically satisfied the first two requirements for mandamus, the

---

[2] It is possible that the trial judge considered the section 33(c) standard, but dispensed with a discussion of that standard because he believed the order was not immediately appealable under *Richardson-Merrell*.

"availability of the writ does not compel its exercise." *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000) (quoting *Lusardi v. Lechner*, 855 F.2d 1062, 1070 (3d Cir. 1988) (quotation marks omitted)). This Court has the discretion to deny a petition for mandamus if we do not believe mandamus is appropriate. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381, 124 S. Ct. 2576, 2587, 159 L. Ed. 2d 459 (2004).

Mandamus is not appropriate in this case for the following reasons. First, requiring the trial court to reconsider its denial of certification would defeat the legislative goal of structuring the dual gatekeeper system discussed above. Under this system

> both the [trial] court and [this Court] must agree that the case is a proper candidate for immediate review before the normal rule requiring a final judgment will be overridden. If someone disappointed in the [trial] court's refusal to certify a case under [Section 33(c)] has only to go to [the Supreme Court] for a writ of mandamus requiring such a certification, there will be only one gatekeeper, and the statutory system will not operate as designed.

*In re Ford Motor Co.*, 344 F.3d at 654.

I am not alone in concluding that mandamus is inappropriate under such circumstances. Indeed, most other courts including the Third Circuit Court of Appeals, and at least one leading commentator, agree that mandamus is not appropriate to compel a trial court to certify an order for immediate review. *See, e.g., Arthur Young & Co. v. U.S. Dis. Court*, 549 F.2d 686, 698 (9th Cir. 1977) ("We hold that mandamus to direct the district judge to exercise his discretion to certify the question is not an appropriate remedy."); *In re Maritime Serv. Corp.*, 515 F.2d 91, 92 (1st Cir. 1975) ("Since [§] 1292(b) permits certification only when the district court is 'of the opinion' that an otherwise nonappealable order involves 'a controlling question of law as to which there is substantial ground for difference of opinion . . .', we would have, absent more, little difficulty in denying the petition [for mandamus] as wholly inappropriate."); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 755 n.1 (3d Cir. 1973) ("We note that the use of mandamus as a means of forcing the district court to make a certification under 28 U.S.C. § 1292(b) does not seem appropriate, for there are authorities holding that the district court's decision on this question is not reviewable") (collecting cases); *Leasco Data Processing*

*Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1344 (2d Cir. 1972) ("Defendants' request that we mandamus him to certify the issue meets an insurmountable obstacle. Congress plainly intended that an appeal under § 1292(b) should lie only when the district court and the court of appeals agreed on its propriety. It would wholly frustrate this scheme if the court of appeals could coerce decision by the district judge."); *In re Ford Motor Co.*, 344 F.3d at 654 ("Most courts have held that mandamus is not appropriate to compel a district court to certify under § 1292(b).") (collecting cases); 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3929 (2d ed. 1996) ("Efforts to persuade a court of appeals to issue mandamus to compel certification by the district judge have generally proved unsuccessful.").

Considering the patently clear legislative intent underlying section 33(c) and the overwhelming authority that mandamus should not be used to compel a trial court to certify an order for interlocutory appeal, I can discern no reason to force the trial court to reconsider its denial in this case.

> Although a court of appeals may be tempted to assert mandamus power to compel certification, the temptation should be resisted. The [trial] judge is given authority by the statute to defeat any opportunity for appeal by certification, in deference to familiarity with the case and the needs of case management. Special needs for review should be met by other means.

WRIGHT, *supra* at § 3929. While Petitioners in this case are seeking an order compelling reconsideration of the denial of certification, and not certification itself, the trial judge in this case had a very good reason denying certification: the United States Supreme Court's decision in *Richardson-Merrell* precludes interlocutory review of attorney disqualification orders. 472 U.S. at 440, 105 S. Ct. at 2766 ("orders disqualifying counsel in civil cases, *as a class*, are not sufficiently separable from the merits to qualify for interlocutory appeal") (emphasis added); *see also U.S. v. Whittaker*, 268 F.3d 185, 192-93 (3d Cir. 2001); *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 336 (3d Cir. 2001). Under such circumstances, I do not believe it would be appropriate to interfere with the trial court's order. *See Samuel v. Univ. of Pittsburgh*, 506 F.2d 355, 361 (3d Cir. 1974) ("[T]he knowledge

bred of the district court's proximity to the case can be brought to bear on the question of the propriety of immediate review.").

There is a second, and equally compelling reason that mandamus should not issue under the circumstances of this case. Even if we were to force the trial court to reconsider its order and Le Blanc was able to persuade the trial judge to certify the order under section 33(c), Le Blanc would still have the burden of convincing this Court to grant him an interlocutory appeal. *See* VISCR 6; *Coopers & Lybrand,* 437 U.S. at 474-75, 98 S. Ct. at 2461. Under this scenario, there is no doubt that when the certified order eventually reached the gates of the Supreme Court, we would deny his request for interlocutory appeal for the very reason cited by the trial court in the order under review here. Again, the United States Supreme Court's decision in *Richardson-Merrell,* proscribes interlocutory review of attorney disqualification orders. 472 U.S. at 440, 105 S. Ct. at 2766; *see also Whittaker,* 268 F.3d at 192-93; *Comuso,* 267 F.3d at 336; *cf. Coopers & Lybrand,* 437 U.S. at 475, 98 S. Ct. at 2461 ("The appellate court may deny the appeal for any reason, including docket congestion."); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974) (discussing appellate court's broad discretion to deny certification). Considered in this light, Petitioners' effort to obtain the writ is an exercise in futility. For these reasons, I agree with the majority's conclusion that Petitioners are not entitled to a writ of mandamus.

Finally, I believe it is important to note that the majority opinion in this case should not be overread. In my view, the decision should not be interpreted as approving a trial court's failure to employ the appropriate standard in denying a party's motion for interlocutory certification. Section 33(c) and Rule 6 of Virgin Islands Supreme Court Rules clearly require a trial court to consider the factors stated in those authorities. In addition, I do not believe the unique circumstances presented by the instant petition should completely foreclose the possibility that mandamus might issue in the future if a trial court has clearly and egregiously abused its authority in ruling on a request for interlocutory certification. *See In re Ford Motor Co.,* 344 F.3d at 654 ("In the past, we have not ruled out the possibility of a writ of mandamus in the § 1292(b) context for a truly egregious situation, if it seemed that the district court was seriously abusing its authority.") Unfortunately, we do not know what extraordinary circumstances lurk in our future that may require the drastic remedy of mandamus.