**SARAH CHITOLIE and CURTIS FLAVIUS, SR., Plaintiffs**

**v.**

**BANK OF NOVA SCOTIA, EARL ROBINSON and SANTA CRUZ CONSTRUCTION COMPANY, LLC, Defendants**

Case No. SX-12-CV-323

Superior Court of the Virgin Islands

Division of St. Croix

December 22, 2014

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(December 22, 2014)

THIS MATTER is before the Court on Defendant Earl Robinson's Motion for Certification of Law to the Supreme Court of the Virgin Islands ("Motion"), filed October 2, 2014; Plaintiffs' Opposition, filed

October 21, 2014; and Defendant's Reply, filed November 5, 2014. For the reasons that follow, Defendant's Motion will be denied.

By Order entered November 19, 2013, the Court denied Defendant Earl Robinson's December 10, 2012 Motion to Dismiss and granted Plaintiffs' January 8, 2013 Motion to Amend Complaint. In doing so, the Court held that the additional details provided in Plaintiffs' First Amended Complaint ". . . provide allegations and information required for Plaintiffs to successfully pierce the corporate veil." November 19, 2013 Order, at 3-4.

On December 13, 2013, Defendant Robinson moved to dismiss Plaintiffs' First Amended Complaint. The Court denied Defendant's motion, stating:

> These same arguments were previously made and decided in Robinson's original motion seeking dismissal of Plaintiffs' original Complaint. *See* November 19, 2013 Order, at 4 n.2 (*citing Pearson v. Component Technology Corp.*, 247 F.3d 471, 484-85 (3d Cir. 2001) . . . the Court has held that Plaintiffs' Amended Complaint meets the plausibility standard with respect to Plaintiffs' corporate veil-piercing theory. November 19, 2013 Order, at 4-5 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). . . . As Defendant Robinson offers no new law or argument in support, there is no basis for any different result.

September 18, 2014 Order Denying Motion to Dismiss First Amended Complaint, at 2.

In denying Defendant's motion, the Court restated the "notice pleading" standard applicable to a Rule 12(b)(6) motion to dismiss,[1] holding that:

> Plaintiffs' Amended Complaint has set forth enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. at 47. At the pleading stage in the litigation, there is no requirement that Plaintiffs show that their right to relief is probable. Rather, imposing the requirement that Plain-

---

[1] The practice and procedure in this Court are governed by the Rules of the Superior Court and, to the extent they are not inconsistent therewith, by the Federal Rules of Civil Procedure. SUPER. CT. R. 7.

tiffs present "plausible grounds to infer a [right to relief] . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence supportive of the claims of the complaint." *Bell Atlantic*, 550 U.S. at 556. This standard has been adequately met.

*Id.*

In his Motion, Defendant Robinson argues that this Court did not consider parts of The Uniform Limited Liability Company Act regarding the extent to which "corporate" formalities are required of limited liability companies such as Defendant Santa Cruz Construction Company, LLC. Motion, at 2 (*citing* V.I. CODE ANN. tit. 13, §§ 1202, 1303). Yet, Defendant does not ask the Court to reconsider its Order, but rather points to the lack of "controlling precedent" (Motion, at 4) in this jurisdiction regarding piercing the veil of a limited liability company and moves ". . . that this Court certify this question of Virgin Islands law to the Supreme Court of the Virgin Islands pursuant to V.I.S.CT.R. 38." (Motion, at 3).[2]

In opposing Defendant's Motion, Plaintiffs argue that Defendant has failed to ". . . demonstrate that the Court's application of the Iqbal/Twombly standard presents a controlling question of law for which there is a substantial ground for a difference of opinion." Opposition, at 7. Plaintiffs argue that Defendant is actually challenging this Court's ultimate decision as opposed to disputing the applicable legal standard — a challenge that Plaintiffs argue is a non-appealable interlocutory issue. *Id.* at 8.

### DISCUSSION

Title 4 V.I.C. 33 (c) states:

Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of liti-

---

[2] Supreme Court Rule 38 addresses certification of questions of law to the Supreme Court by federal courts and courts of last resort of any state, territory or the District of Columbia. Pursuant to 4 V.I.C. § 33(c), a Superior Court judge may certify a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

gation, the judge shall so state in the order. The Supreme Court of the
· Virgin Islands may thereupon, in its discretion, permit an appeal to be
taken from the order . . . .

Upon the trial court's issuance of an order stating that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, VISCR 6 sets forth the procedures by which such immediate appeal may be heard. In the context of certification to the V.I. Supreme Court by a federal court or court of last resort of another jurisdiction, VISCR 38(a) sets forth the applicable standard that a question of law may be certified to the V.I. Supreme Court "which may be determinative of the cause . . . and concerning which it appears there is no controlling precedent in the decision of the Supreme Court."

█ In determining whether an order involves a controlling question of law courts have considered whether the subject matter is "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S. Ct. 152, 42 L. Ed. 2d 125 (1974). "A question of law is deemed to be 'controlling' if reversal of the order would terminate, the action or a determination of the issue on appeal would materially affect the outcome of the litigation." *Charleswell v. Chase Manhattan Bank, NA.*, 277 F.R.D. 277, 284 (D.V.I. 2011) (*citing In re Enron Corp.*, No. M-47, 2007 U.S. Dist. LEXIS 5856, at *6 (S.D.N.Y. Jan. 17, 2007)).

█ In this case, the Court's conclusion that Plaintiffs had satisfied the *Iqbal/Twombly* standard by including sufficient factual allegations in their Amended Complaint to meet the plausibility standard (regarding Plaintiffs' LLC veil-piercing theory) does not involve a controlling question of law. While the ultimate question of whether this Court should apply the equitable remedy of piercing the corporate veil may involve controlling questions of law (*see Matheson v. V.I. Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 832 (D.V.I. 2003)), the applicability of the *Twombly/Iqbal* standard, at this point in the litigation, is not one that lacks ". . . controlling precedent in the decision of the Supreme Court."

In fact, it was precisely because of this early, notice-pleading standard that the Court did not invoke 13 V.I.C. §§ 1202 (a) and 1303 when addressing Defendant's Motion to Dismiss. Those statutes, while

potentially controlling in the context of a post-discovery motion for summary judgment, are not determinative of the issue of the plausibility of Plaintiffs' claims set out in their initial pleading. To bar Plaintiffs from exploring a veil-piercing theory before substantive discovery has occurred would prejudice Plaintiffs' case and violate the U.S. Supreme Court's clear rules pertaining to notice-pleading.

A decision to certify an order for appellate review is soundly within the discretion of the trial judge (*see In re Le Blanc*, 49 V.I. 508 (V.I. 2008)). In this case, the Court concludes that Defendant's Motion does not present a controlling question of law as to the sufficiency of Plaintiffs' pleading. Therefore, the Court declines to grant Defendant's request for certification that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of litigation.

In light of the foregoing, it is hereby

ORDERED that Defendant Earl Robinson's Motion for Certification of Law to the Supreme Court of the Virgin Islands is DENIED.