**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7122**

_____

In Re:  CLARENCE HICKS,

                                              Petitioner.

_____

On Petition for Writ of Mandamus. (CA-02-2076-L)

_____

Submitted:  December 15, 2004        Decided:  January 11, 2005

_____

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition granted by unpublished per curiam opinion.

_____

Clarence Hicks, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clarence Hicks filed a 28 U.S.C. § 2255 (2000) motion in the District Court for the District of Maryland on June 19, 2002, attacking his 2000 criminal conviction and 360-month sentence. The Government responded to the motion on October 17, 2002, and Hicks replied to the response in November of that year. No further action has been taken in the case with the exception of numerous motions filed by Hicks.

Hicks has petitioned this court for a writ of mandamus complaining of the district court's delay in acting on this case. Pursuant to Fed. R. App. P. 21(b) and 4th Cir. R. 21, the Government was directed to answer the petition and has done so. The Government offers no explanation for the delay in the case. Writs of habeas corpus are intended to afford a speedy remedy to those illegally restrained. Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990). Pursuant to 28 U.S.C. § 1657(a) (2000), the district court must give priority to habeas corpus cases over other civil cases.

As we conclude that Hicks has established a clear and indisputable right to expeditious treatment of his § 2255 motion, and no other adequate remedy is available, we find that he has shown his entitlement to the writ of mandamus. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Therefore, the petition for writ of

mandamus is granted.  The district court is ordered to act on case No. 02-2076 within sixty days of the date of this opinion.  We grant Hicks leave to proceed in forma pauperis; we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION GRANTED