In re: **Russell ROBINSON, Petitioner.**

No. 09–2506.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. June 30, 2009.

Opinion filed: July 14, 2009.

Russell Robinson, Jesup, GA, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

On May 22, 2009, Russell Robinson filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order to compel the District Court to rule on the motion that he filed pursuant to 28 U.S.C. § 2255, as well as several pending, related motions. For the reasons that follow, we conclude that mandamus relief is not warranted.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). In addition, as a general rule, the manner in which a court disposes of cases on its docket is within its discretion. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982).

Nonetheless, mandamus may be warranted when a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d at 79. The District Court's delay in this case, however, does not meet that standard. The District Court received Robinson's motion on November 17, 2008. The case was reassigned to the Honorable Juan R. Sanchez on December 8, 2008. Then, beginning on January 14, 2009, and continuing until May 5, 2009, Robinson filed a barrage of motions, six of which remain on the docket.[1]

In this case, only six months passed between the time that Robinson filed his § 2255 motion and his mandamus petition. In addition, there have been circumstances that likely contributed to the delay. One was the reassignment of the case to Judge Sanchez one month after Robinson filed his § 2255 motion. Furthermore, Robinson's many motions, including those that the District Court has ordered removed from the docket, may also be contributing to the delay. We cannot say that the delay in adjudicating Robinson's § 2255 is "tantamount to a failure to exercise jurisdiction" or "rise[s] to the level of a denial of due process." *Madden*, 102 F.3d at 79.

Accordingly, we will deny Robinson's mandamus petition.

---

1. Notably, by orders entered May 12 and 15, 2009, the District Court ordered that two other motions be removed from the docket. Along with the orders came warnings to Robinson of the consequences of forging court orders and instructions that the Judge was to approve all further motions before they could be added to the docket.