**IN RE: JOSEPH ELLIOT, JR., Petitioner.**

S. Ct. Civ. No. 2010-0004
Supréme Court of the Virgin Islands
September 24, 2010

Joseph Elliot, Jr., St. Croix, USVI, *Pro se*.

QUEEN E. TERRY, ESQ., Legal Counsel, Superior Court of the Virgin Islands, St. Thomas, USVI, *Attorney for Nominal Respondent*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 24, 2010)

PER CURIAM. **THIS MATTER** is before the Court on Joseph Elliot's (hereafter "Elliot") *pro se* petition for writ of mandamus,[1] filed with this Court on January 19, 2010, as well as the September 7, 2010 Response by the Nominal Respondent, a sitting judge of the Superior Court of the Virgin Islands. For the reasons that follow, this Court grants Elliot's petition and shall issue a writ of mandamus directing the Nominal Respondent to rule on Elliot's *pro se* petition for writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2009, Elliot, proceeding *pro se*, filed two documents in the Superior Court, respectively captioned as "Complaint to the Judiciary" and "Motion to Dismiss," but both of which appear to seek a writ of habeas corpus vacating his conviction in Super. Ct. Crim. No. 241/2004 and directing his release from custody. Together with these documents, Elliot filed a motion to proceed *in forma pauperis* as well as a letter notifying the Superior Court that he intends to appear *pro se* in the matter.

The Clerk of the Superior Court received letters from Elliot on April 20, 2009 and May 22, 2009, in which Elliot inquired as to the status of his action. In a letter dated May 27, 2009, a Court Clerk Supervisor employed by the Office of the Clerk of the Superior Court informed Elliot that his March 19, 2009 filings were "erroneously held in another division," but had now been "processed," "assigned [a] case number," and "been forwarded to [the Nominal Respondent] for review."

On January 19, 2010, Elliot filed a petition for writ of mandamus with this Court, which alleges that the Nominal Respondent has still taken no

---

[1] Although Elliot's petition also requests that this Court issue a writ of habeas corpus, this Court, in a January 25, 2010 Order, dismissed this portion of Elliot's petition without prejudice because such applications must be made in the Superior Court in the first instance. *See* V.I.S.CT.R. 14(a).

action with respect to his March 19, 2009 filings and requests that this Court issue a writ of mandamus compelling the Nominal Respondent to exercise jurisdiction over the underlying matter. This Court, in orders entered on January 25, 2010 and July 2, 2010, directed Elliot to serve the Clerk of the Superior Court and the Nominal Respondent with a copy of his petition as mandated by Supreme Court Rule 13(a). After receiving notification that Elliot complied with Rule 13(a)'s service requirements, this Court, in a July 23, 2010 Order, authorized the Nominal Respondent to submit an answer to Elliot's petition. However, after receiving neither an answer nor any other filing from the Nominal Respondent, this Court, in an August 23, 2010 Order, directed the Nominal Respondent to notify this Court as to whether he intended to decline to participate in these proceedings pursuant to Supreme Court Rule 13(b).[2]

The Nominal Respondent filed a response with this Court on September 7, 2010. In his response, the Nominal Respondent informed this Court that he "respectfully declines to enter an appearance in this matter" but, "in the spirit of cooperation," notified this Court that he "has no familiarity with the instant case because Elliot's underlying criminal case . . . was not assigned to him, he never held any hearings on the matter, and he never entered any orders in the matter." (Resp. at 1-2.) Moreover, the Nominal Respondent stated that upon receiving this Court's August 23, 2010 Order, he "requested and reviewed the documents in the criminal case," which "revealed that [Elliot] entered a guilty plea on or about April 8, 2005, and was sentenced to a term of imprisonment by a sitting judge of the Superior Court of the Virgin Islands who, by Order dated April 10, 2007, denied [Elliot]'s Petition to Reduce Sentence," which the Nominal Respondent characterizes as "an attempt to void his guilty plea on due process grounds." (Resp. at 2.)

## II. DISCUSSION

Pursuant to title 4, section 32(b) of the Virgin Islands Code, this Court has jurisdiction over original proceedings for mandamus. However,

---

[2] In its August 23, 2010 Order, this Court also granted a motion for extension of time filed by the Government of the Virgin Islands — the respondent in the underlying habeas corpus action — to file an answer to Elliot's petition. However, despite granting an extension through August 30, 2010, the Government has failed to submit any response to the petition for writ of mandamus.

a writ of mandamus is a drastic remedy which should be granted only in extraordinary circumstances. *In re LeBlanc*, 49 V.I. 508, 516 (V.I. 2008). To obtain a writ of mandamus, Elliot must establish that his right to the writ is clear and indisputable and that he has no other adequate means to attain the desired relief. *Id.* at 517. Furthermore, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the D.C.*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004). For the reasons that follow, we hold that Elliot has met his burden of demonstrating that he is entitled to mandamus relief.

### A. Elliot Possesses No Adequate Means, Other than a Writ of Mandamus, to Obtain a Ruling on His Petition for Writ of Habeas Corpus

■ It is well established that petitions for writ of mandamus cannot substitute for the regular appeals process. *See LeBlanc*, 49 V.I. at 517 (quoting *Cheney*, 542 U.S. at 380-81). Accordingly, "a petitioner cannot claim the lack of other means to relief, if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." *Id.* (quoting *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2001)). Moreover, "[w]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus." *Id.* (quoting *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000)).

■ We agree with Elliot that, in this case, he possesses no adequate means to obtain a ruling on his petition for writ of habeas corpus other than a petition for writ of mandamus. Significantly, the breach of ministerial duty Elliot alleges in his petition — the Nominal Respondent's failure to issue any orders in the underlying Superior Court matter even though it has been pending for eighteen months — is one that this Court cannot review on direct appeal, particularly since the Nominal Respondent's continued failure to perform the ministerial act would preclude entry of an appealable final judgment. Moreover, since both the Superior Court's certified docket entries and the Nominal Respondent's September 7, 2010 response reflect that the Nominal Respondent has entered no orders of any kind in the underlying habeas corpus action, Elliot clearly lacks any other "practical avenues for seeking relief." *Id.*

Therefore, this Court finds that Elliot has satisfactorily demonstrated that a writ of mandamus constitutes the only adequate means of attaining his desired relief.

## B. Elliot Possesses a Clear and Indisputable Right to Have the Superior Court Consider and Rule Upon His Petition for Writ of Habeas Corpus

■ "A party possesses a 'clear and indisputable' right when the relief sought constitutes a 'specific, ministerial act, devoid of the exercise of judgment or discretion.' " *In re People*, 51 V.I. 374, 387 (V.I. 2009), *cert. denied*, No. 09-3492, slip op. at 1 (3d Cir. 2009) (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997)). Because "the manner in which a court disposes of cases on its docket is within its discretion," a trial court's delay in ruling on a motion will generally not warrant mandamus relief. *In re Robinson*, 336 Fed. Appx. 171, 172 (3d Cir. 2009). "Nonetheless, mandamus may be warranted when a [trial] [c]ourt's 'undue delay is tantamount to a failure to exercise jurisdiction.' " *Id.* (quoting *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1982)). In other words, "[w]hile it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner." *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App. 1993).

■■ Here, Elliot's right to have the Superior Court enter a ruling on his March 19, 2009 petition for writ of habeas corpus is clear and indisputable, for the Virgin Islands Legislature has expressly provided that "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint," 5 V.I.C. § 1301, and vested the Superior Court with jurisdiction to consider such petitions. 5 V.I.C. § 1303.[3] Moreover, because "[w]rits of habeas corpus are intended to afford a speedy remedy to those illegally restrained," *In re*

---

[3] Although 5 V.I.C. § 1303 states that "[t]he writ of habeas corpus may be granted by the district court," the United States Court of Appeals for the Third Circuit has held that subsequent legislation expanding the Superior Court's jurisdiction over all purely local civil actions — and, correspondingly, eliminating the District Court's jurisdiction over those matters

429

*Hicks*, 118 Fed. Appx. 778, 778 (4th Cir. 2005) (citing *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990)), the Legislature has mandated that the Superior Court give petitions for writ of habeas corpus expedited consideration. *See* 5 V.I.C. § 1304 ("The court authorized to grant the writ, to whom a petition therefor is presented, shall grant the same *without delay*, if it appears that the writ ought to issue.") (emphasis added). Accordingly, we agree with the numerous courts that have held that individuals, like Elliot, who have requested a writ of habeas corpus have a clear and indisputable right to have that petition considered by the trial court within a reasonable time. *See, e.g., Johnson*, 917 F.2d at 1284 ("If a fourteen-month delay . . . were routinely permissible, the function of the Great Writ would be eviscerated."); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("[T]he writ of habeas corpus, challenging detention, is reduced to a sham if the trial courts do not act within a reasonable time.").

██ Nevertheless, while Elliot possessed a right to have the Nominal Respondent promptly consider his petition for writ of habeas corpus, the fact that his petition for writ of habeas corpus remains pending in the Superior Court eighteen months after it was filed does not, in and of itself, demonstrate that the Nominal Respondent has breached his duty to Elliot. Significantly, such a long delay may be permissible if "the habeas petitioner himself [is] responsible for delays" or if "delays [are] occasioned in obtaining necessary records of earlier proceedings." *Johnson*, 917 F.2d at 1285. Thus, to determine whether a trial judge has breached his duty to rule on a petition for writ of habeas corpus within a reasonable time, "[e]ach situation must be considered on its own facts," with this Court giving primary consideration to the reason for the delay. *Id.*

 Based on the Superior Court's certified docket entries, as well as the Nominal Respondent's September 7, 2010 response, this Court cannot conclude that the eighteen month delay in the underlying matter was reasonable. Importantly, the Nominal Respondent admitted in his response that he "has no familiarity with the instant case" and that he did not even request and review the documents in the criminal case Elliot seeks to review through his petition for writ of habeas corpus until after

— implicitly amended section 1303 to confer the Superior Court with the power to issue such writs. *See Parrott v. Gov't of the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000).

he received this Court's August 23, 2010 Order.[4] (Resp. at 1-2.) Furthermore, the fact that the Nominal Respondent did not preside over Elliot's criminal case cannot excuse this delay,[5] particularly since the record contains no indication that the Nominal Respondent made any attempt to familiarize himself with the matter until this Court issued its August 23, 2010 Order. Moreover, even if this Court were to find that such a lengthy delay in considering Elliot's petition for writ of habeas corpus on the merits was justified — which we do not — the Nominal Respondent has not provided, and this Court cannot independently discern,[6] any reason that would excuse the Nominal Respondent's failure to consider Elliot's request to proceed *in forma pauperis*, which was also filed on March 19, 2009 but has not yet been ruled on despite being a routine motion. *See Hicks*, 118 Fed. Appx. at 778 (holding breach of duty when "no explanation" provided for delay). Therefore, Elliot has demonstrated a clear and indisputable right to the relief that he has requested.

---

[4] Moreover, the Nominal Respondent's ability to obtain and review these documents so quickly, as well as the fact that Elliot included the prior criminal proceeding's case number on his petition for writ of habeas corpus, demonstrates that the eighteen month delay cannot be attributed to any difficulty in obtaining necessary records.

[5] This Court notes that, in many jurisdictions, judges who presided over a prisoner's underlying criminal case are precluded from ruling upon the prisoner's subsequent petition for writ of habeas corpus. For instance, the United States Court of Appeals for the Third Circuit requires "each federal district court judge in this circuit [to] recuse himself or herself from participating in a . . . habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which that judge presided in his or her former capacity as a state court judge." *Clemmons v. Wolfe*, 377 F.3d 322, 329 (3d Cir. 2004).

[6] While the Nominal Respondent has not argued that the pendency of other matters on his docket has prevented him from devoting attention to Elliot's case, this Court notes that numerous appellate courts have found that a heavy docket is not a valid excuse for failing to rule on a petition for writ of habeas corpus within a reasonable amount of time. *See, e.g., Johnson*, 917 F.2d at 1285 (finding that "[t]he unfortunately high volume of prisoner cases pending in the District of Kansas is insufficient to justify the [fourteen month] delay occasioned here."); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970) (rejecting argument that "unusually crowded docket," including "95 habeas corpus petitions," excused trial judge's failure to consider prisoner's petition for writ of habeas corpus for five months). *Cf. Jones*, 572 F.2d at 1280 ("Busy court dockets cannot justify a 14-month delay in processing this [habeas corpus] claim from the date of remand.").

## C. A Writ of Mandamus is Appropriate Under the Circumstances

 Although Elliot has met his burden of showing that there is no other adequate means to obtain the relief sought and that his right to that relief is clear and indisputable, the decision to issue a writ of mandamus nevertheless rests in the discretion of this Court. *See LeBlanc*, 49 V.I. at 517. "To determine whether a writ of mandamus is appropriate under the circumstances, we consider factors including, but not limited to, the public interest, the importance or unimportance of the question presented, and equity and justice." *In re People*, 51 V.I. at 393 (collecting cases).

 This Court finds that mandamus relief is appropriate in this case. Because the Legislature has mandated that the Superior Court consider petitions for writ of habeas corpus "without delay," 5 V.I.C. § 1304, issuing a writ of mandamus compelling the Nominal Respondent to exercise jurisdiction over Elliot's habeas corpus action in a timely manner not only effectuates the intent of the Legislature, but furthers the public interest and assists in the administration of justice. Moreover, because "a habeas petitioner who has, in fact, been deprived of liberty unconstitutionally suffers irreparable injury enduring each day of wrongful incarceration," *McGuinness v. Pepe*, 150 F. Supp. 2d 227, 230 n.8 (D. Mass. 2001), requiring the Nominal Respondent to consider Elliot's petition, and thus ascertain whether or not Elliot's detention is illegal, is consistent with general principles of equity and justice. Consequently, this Court shall exercise its discretion to grant Elliot's petition for writ of mandamus.

## III. CONCLUSION

Because the nature of the Nominal Respondent's breach of duty, Elliot does not have an adequate means of obtaining redress other than through a petition for writ of mandamus. Furthermore, Elliot has met his burden of demonstrating that his right to have the Nominal Respondent consider his petition for writ of habeas corpus is clear and indisputable because the Legislature has mandated that Superior Court judges consider habeas corpus actions "without delay" and the Nominal Respondent has proffered no legitimate excuse for the eighteen month delay in the underlying matter. Accordingly, because the public interest and other considerations strongly support mandamus relief, this Court shall issue a writ of mandamus directing the Nominal Respondent to hear and decide Elliot's case within sixty days of the date of this Opinion.