# IN RE: JANELLE K. SARAUW, Petitioner

S. Ct. Civil No. 2017-0060
Supreme Court of the Virgin Islands
July 3, 2017

TERRI GRIFFITHS, ESQ., St. Thomas, USVI, *Attorney for Petitioner.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(July 3, 2017)

PER CURIAM. This matter is before the Court pursuant to a July 1, 2017 petition for writ of mandamus filed by Janelle Sarauw. For the reasons that follow, we deny the petition without prejudice.

## I. BACKGROUND

This Court, in a January 8, 2017 opinion issued in a different case, enjoined Kevin Rodriquez, one of the certified winners of the November 8, 2016 general election to determine the seven representatives of the District of St. Thomas/St. John in the 32nd Legislature, from taking the oath of office because he did not meet the qualifications set forth in section 6 of the Revised Organic Act of 1954. *Sarauw v. Fawkes*, 66 V.I. 253 (V.I. 2017). In accordance with our ruling, on January 9, 2017 — the date the members of the 32nd Legislature were sworn in — the oath of office was not administered to Rodriquez, and only six individuals were sworn-in as representatives of the St. Thomas/St. John District. On February 7, 2017, the Governor of the Virgin Islands called for an April 8, 2017 special election to elect a replacement. *See* 2 V.I.C. § 111(a) ("If prior to the one year immediately preceding the date of the next general election, a vacancy occurs in the office of a member of the Legislature, the Governor shall call a special election in said district . . . within thirty (30) days following the day on which the vacancy occurs."). Shortly thereafter, the Legislature appropriated $90,000 to the Election System of the Virgin Islands "to fund a special election to elect the fifteenth member of the Thirty-Second Legislature of the Virgin Islands." *See* Act No. 7983, § 1.

The April 8, 2017 special election occurred as scheduled, and the unofficial results reflect that Sarauw received the highest number of votes. However, the Board of Elections failed to certify the election within the time provided for in the Virgin Islands Code. *See* 18 V.I.C. § 47(8). Thus, on May 16, 2017, Sarauw filed a petition for writ of mandamus with this Court, which requested that we issue a writ directing the Board of Elections to certify the special election results. However, this Court, in a

May 17, 2017 order, denied the petition without prejudice, because Sarauw "appears to have an alternate adequate means to attain the desired relief . . . in the form of filing a petition for writ of mandamus against the Board of Elections with the Superior Court." *In re Sarauw*, S. Ct. Civ. No. 2017-0049, 2017 V.I. Supreme LEXIS 31, at *3 (V.I. May 17, 2017) (unpublished).

The day after this Court issued its order, Sarauw filed a mandamus petition with the Superior Court on May 18, 2017, docketed as *Sarauw v. Watlington*, Super. Ct. Civ. No. 227/2017 (STT). However, in addition to seeking mandamus relief against the Board of Elections, Sarauw also requested injunctive and declaratory relief in the form of an order de-certifying Rodriquez as one of the winners of the November 8, 2016 general election. Sarauw subsequently filed with the Superior Court a supplemental emergency petition for writ of mandamus on May 30, 2017. The Superior Court held a status conference on June 22, 2017, where it heard oral argument from the parties, but did not issue a ruling on any of the issues before it.

The Legislature, on June 28, 2017, rejected a motion to have Rodriquez seated as a member of the body. On June 29, 2017, and again on June 30, 2017, Sarauw filed motions for a ruling with the Superior Court, which requested an immediate ruling on the special election certification issue. In those filings, Sarauw cited (1) a letter from the President of the Legislature requesting that the Board of Elections certify the April 8, 2017 special election, and (2) a media report that the Board of Elections might wait until July 20, 2017, to consider certifying the special election.

Without awaiting action from the Superior Court, on July 1, 2017, Sarauw filed a mandamus petition with this Court. In her petition, she requests that this Court issue a writ of mandamus either (1) directing the Superior Court to issue a ruling in Super. Ct. Civ. No. 227/2017 (STT), or (2) in the alternative, directing that the Board of Elections certify the results of the April 8, 2017 special election.

## II. DISCUSSION

██ ██ This Court possesses original jurisdiction over proceedings for writ of mandamus, *see* 4 V.I.C. § 32(b), although such jurisdiction is concurrent with the Superior Court, which also may issue writs of mandamus. *See, e.g., Moorhead v. Mapp*, 62 V.I. 595, 597-98 (V.I. 2015); *Hansen v. O'Reilly*, 62 V.I. 494, 505-06 (V.I. 2015). To obtain a writ of

mandamus, a petitioner must establish that his or her right to the writ is clear and indisputable and that there is no other adequate means to attain the desired relief. *In re Le Blanc*, 49 V.I. 508, 516 (V.I. 2008). Furthermore, even if those two prerequisites are met, the issuing court must be satisfied that the writ is appropriate under the circumstances. *In re Morton*, 56 V.I. 313, 319 (V.I. 2012) *In re Le Blanc*, 49 V.I. at 517-18. If this Court concludes that a petitioner cannot meet this burden, it shall deny the petition without ordering an answer from the respondent. V.I. R. APP. P. 12(b). Because Sarauw seeks mandamus relief from this Court against two different respondents — for the Superior Court judge assigned to Super. Ct. Civ. No. 227/2017 (STT) to issue a ruling, and the Board of Elections to certify the special election — we address each claim in turn.

## A. Failure of the Superior Court to Rule

■ "A party possesses a 'clear and indisputable' right when the relief sought constitutes 'a specific, ministerial act, devoid of the exercise of judgment or discretion.' " *In re People of the V.I.*, 51 V.I. 374, 387 (V.I. 2009) (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997)). When the ministerial duty at issue is the failure of a Superior Court judge to issue a ruling in a timely manner, the breach will generally warrant mandamus relief only if the "undue delay is tantamount to a failure to exercise jurisdiction." *In re Elliot*, 54 V.I. 423, 429 (V.I. 2010) (quoting *In re Robinson*, 336 Fed. Appx. 171, 172 (3d Cir. 2009)). (internal quotation marks omitted).

■ We agree with Sarauw that "[h]istorically, courts grant accelerated requests when holding proceedings that involve election issues." (Pet. 7.) Our precedents emphasize that election cases must receive expedited consideration, which depending on the circumstances may require extraordinary processes such as accelerated briefing schedules and holding hearings on the weekend. *See, e.g., Mapp v. Fawkes*, 61 V.I. 521, 528 (V.I. 2014); *Bryan v. Fawkes*, 61 V.I. 201, 211 (V.I. 2014).

■ Nevertheless, our precedents also reflect that in election cases, the party seeking affirmative relief from a court has the responsibility to prevent engaging in behavior that would make such accelerated review difficult or impossible in light of the particular exigency. *See, e.g., Mapp*, 61 V.I. at 528 & n.5 (effective appellate review prior to election day was made "impossible" when notice of appeal is not filed until the day before

567

the election, even though the Superior Court issued a ruling several days earlier, and appellant only included a partial transcript). Moreover, in the mandamus context where the alleged breach of duty is a failure to rule, it is well-established that the failure of the Superior Court to issue a ruling in a timely manner will not warrant mandamus relief from this Court if the petitioner shares responsibility for the delay. For example, a petitioner may be responsible for a delay in adjudicating a matter if he or she has filed multiple motions with the Superior Court that would necessarily delay the Superior Court's consideration of the complaint. *In re Fleming*, 56 V.I. 460, 466 (V.I. 2012).

■ In this case, Sarauw did not simply file a petition for writ of mandamus with the Superior Court, but also sought declaratory and injunctive relief, including a request that the Superior Court mandate that the Board of Elections revoke its certification of Rodriquez in the November 8, 2016 election. In fact, a significant portion of the June 22, 2017 hearing was devoted to discussing Sarauw's requests for declaratory and injunctive relief, with Sarauw, through her counsel, ultimately agreeing to have those requests stayed until the Legislature considered the motion to seat Rodriquez. Thus, while the better practice may have been for the Superior Court to immediately address the mandamus petition and resolve Sarauw's other requests for relief at a later date, we cannot fault — at least at this stage of the proceedings — the Superior Court for electing to consider all of her claims together. *In re Elliot*, 54 V.I. at 429. To the extent Sarauw is dissatisfied with how the Superior Court managed her case, it is ultimately the result of her own decision to seek injunctive and declaratory relief with respect to other matters as part of the same proceeding as her mandamus petition.

■ Likewise, the Superior Court's failure to issue an immediate ruling after the June 22, 2017 status conference can be attributed to reasons other than an unwillingness to exercise jurisdiction. Although Sarauw had agreed to have her requests for declaratory and injunctive relief stayed until the Legislature considered the motion to seat Rodriquez, the Legislature disposed of that motion on June 28, 2017, thus making those matters ripe for decision again. And while Sarauw's June 29 and June 30, 2017 requests for a ruling reflected that Sarauw desired an immediate ruling on the certification issue, the failure of the Superior Court to issue a ruling in one working day — the time that elapsed before Sarauw filed her mandamus petition with this Court — is not evidence that the

Superior Court does not intend to act promptly on the matter. Consequently, we conclude that Sarauw has failed to satisfy the first factor for mandamus relief, and that the petition shall therefore be denied without prejudice with respect to the Superior Court judge.[1]

## B. Failure of the Board of Elections to Certify

██ With respect to Sarauw's request for this Court to issue a writ of mandamus against the Board of Elections for its failure to certify the April 8, 2017 special election, we agree with Sarauw that she has a clear and indisputable right to have the special election certified.[2] As noted earlier, "[a] party possesses a 'clear and indisputable' right when the relief sought constitutes 'a specific, ministerial act, devoid of the exercise of judgment or discretion.' " *In re People*, 51 V.I. at 387 (quoting *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288). The Virgin Islands Code unambiguously mandates that "each board [of elections], within its district, *shall* . . . receive from election officers the returns of all primaries and elections, canvass, and compute the returns, and *certify, no later than fifteen days following the primary or election*, the results thereof to the

---

[1] We emphasize our decision to deny Sarauw mandamus relief because she may have frustrated accelerated review of the certification issue by injecting other matters into the proceeding does not give the Superior Court license to allow the *Sarauw v. Watlington* matter to languish on its docket without a ruling despite its expedited status. In the context of a breach of the duty to rule in a timely manner, "[e]ach situation must be considered on its own facts, with this Court giving primary consideration to the reason for the delay." *In re Fleming*, 56 V.I. at 465 (quoting *In re Elliot*, 54 V.I. at 430). While Sarauw may have contributed to the Superior Court's failure to rule between May 18, 2017, to today so as to warrant denial of her mandamus petition by this Court, the portion of the delay attributable to Sarauw will — assuming no other developments in the case — will necessarily decrease as time goes on. Although we are confident that the Superior Court will act promptly in issuing a ruling on the certification issue, Sarauw is not precluded from filing another mandamus petition with this Court to the extent it fails to do so.

[2] At the June 22, 2017 status conference, the Superior Court expressed concern that "[e]ven if I were to tell the Board of Elections . . . they had [to] certify the results of the April 2017 election, how does that today benefit Miss Sarauw?" (Hr'g Tr. 26-27.) However, whether Sarauw would benefit from certification of the special election, or is harmed from the continuing failure of the Board of Elections to certify, is not an element of a mandamus action. *See Yu v. Brown*, 36 F. Supp. 2d 922, 933 (D.N.M. 1999) ("Irreparable harm is simply not an element of mandamus"); *cf. Martinez v. Richardson*, 472 F.2d 1121, 1125 (10th Cir. 1973) ("[R]elief in the nature of mandamus is here sought . . . in which jurisdictional amount is not an element."). Rather, the appropriate inquiry as to the first mandamus factor is whether Sarauw has a clear and indisputable right to have the special election results certified by the Board of Elections — no more, and no less.

Supervisor of Elections." 18 V.I.C. § 47(9) (emphases added); *see also*, *State ex rel. Eastern Color Printing Co. v. Jenks*, 150 Conn. 444, 190 A.2d 591, 593 (1963) ("The statute uses the words 'shall view' and 'shall revalue.' So far as these two operations are concerned, the statute is mandatory, and the defendant is obliged to conform to it. . . . He is called upon to perform ministerial acts in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment on the propriety of the acts being done."). More importantly, no provision of the Virgin Islands Code, the Revised Organic Act of 1954, or any other applicable authority grants the Board of Elections the power to unilaterally refuse to certify the results of a duly-called election simply because it believes that the election was unnecessary, or that certification may result in confusion.[3] Thus, under these circumstances,[4] certification

---

[3] At the June 22, 2017 hearing, counsel for the Board of Elections argued that "certification actually imprints a legal entitlement to the seat," and that certifying the results of the April 8, 2017 special election when it was alleged that "the seat was not vacant" would be tantamount to "issu[ing] a certificate of election to a second person for one seat." However, there is no provision in the Revised Organic Act or the Virgin Islands Code that makes issuance of a certificate of election by the Board of Elections a prerequisite to the Legislature seating a member, that gives the Board of Elections the jurisdiction to determine whether a seat in the Legislature is vacant, or that gives the Board of Elections the authority to decide whether a special election is necessary. Rather, such authority is vested — to varying degrees — with the Legislative, Executive, and Judicial Branches of the Government of the Virgin Islands. *See* 48 U.S.C. § 1572(g) ("The legislature shall be the sole judge of the elections and qualifications of its members."); 48 U.S.C. § 1572(h) ("The Legislature of the Virgin Islands shall by law provide the procedure for filling any vacancy in the office of member of the legislature."); 2 V.I.C. § 111(a) ("If prior to the one year immediately preceding the date of the next general election, a vacancy occurs in the office of a member of the Legislature, the Governor shall call a special election in said district."); 5 V.I.C. § 80 ("A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee[.]"); 5 V.I.C. § 1172 (authorizing an action by "a private person" against a person who "shall usurp, intrude into, or unlawfully hold or exercise any public office"); *Haynes v. Ottley*, 61 V.I. 547, 567 (V.I. 2014); *Bryan v. Fawkes*, 61 V.I. 201, 216 (V.I. 2014); *Legislature of the V.I. v. Mapp*, 24 V.I. 304, 305-07 (D.V.I. 1989). Thus, while the Board of Elections has "the duty of directing the administration of the electoral system of the Virgin Islands," 48 U.S.C. § 1572(c), the power to administer does not include the power to create, modify, or set aside the laws of the Virgin Islands or to otherwise exercise powers vested in other parts of the government.

[4] We recognize that the Virgin Islands Code permits a candidate to petition the Board of Elections for a recount if he or she "believes that there has been fraud or error committed," which "may not be filed later than seven (7) working days after the board has issued its official report of the primary, general or special election at which the votes were cast." 18 V.I.C. § 629(a). It is not clear from the statutory language whether the "official report" of the Board of Elections referred to in this statute is the certification of the results or some other action,

570

of the special election within the statutorily-mandated fifteen days is clearly a ministerial act that the Board of Elections lacks the discretion to simply postpone.

██ ██ Nevertheless, while we conclude that the first factor is easily satisfied, Sarauw has failed to establish the second factor: that she lacks no other adequate means to attain the desired relief. The Superior Court possesses concurrent jurisdiction to issue a writ of mandamus to the Board of Elections, *see Sarauw*, 2017 V.I. Supreme LEXIS 31, at *3, and such a petition is presently before it. Although Sarauw is clearly dissatisfied with how the Superior Court has managed her case thus far, at least part of that delay is the result of her own decision to assert claims for injunctive and declaratory relief with respect to issues unrelated to the certification issue as part of the same proceeding as her mandamus petition. Significantly, the existence of "practical avenues for seeking relief that are untried" will preclude a finding by this Court that the petitioner has no other adequate means to attain the desired relief. *In re People of the V.I.*, 49 V.I. 297, 302 (V.I. 2007) (quoting *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000)).

In this case, Sarauw filed motions for a ruling with the Superior Court on Thursday June 29, 2017, and Friday June 30, 2017, both of which provided the Superior Court with additional information in support of issuing a ruling on the certification issue promptly. Yet rather than wait to see if the Superior Court acts on these motions, Sarauw filed her mandamus petition with this Court on Saturday July 1, 2017. Although the courts of the Virgin Islands are always open for the filing of emergency papers — as is demonstrated by this Court's consideration of Sarauw's petition on a holiday weekend[5] — we cannot conclude that providing the Superior Court with only one working day to consider the motions for ruling (and the exhibits attached thereto) is sufficient to render the Superior Court an impractical forum for attaining the desired

---

or if the fifteen-day period for the Board of Elections to certify an election under 18 V.I.C. § 47(8) is tolled in the event a petition for recount is filed. However, we need not decide these issues because no petition for recount, or other document alleging fraud or other error with respect to the special election, was ever filed with the Board of Elections or the Superior Court, and therefore — under the circumstances as they are present in this case — certification of the special election is clearly a ministerial duty.

[5] "The following days are legal holidays in the Virgin Islands: Every Sunday . . . July 3 (V.I. Emancipation Day) . . . . July 4 (Independence Day)[.]" 1 V.I.C. § 171.

relief. While there may well be certain exceptional cases where the inability to rule on a motion within one working day may render the Superior Court an inadequate forum for a particular dispute so as to justify mandamus relief in this Court, we note that Sarauw noted no exigency — other than the fact that the seventh senate seat for the District of St. Thomas/St. John remains vacant — in her motions for a ruling that would require the Superior Court to rule on the matter in one working day, as opposed to two working days or three working days.[6] We are confident that after the Superior Court reviews the motions for a ruling, as well as this judgment, it will act promptly to issue a ruling on Sarauw's mandamus petition with respect to certification of the April 8, 2017 special election. To the extent the Superior Court does not do so, and the additional delay cannot be attributed to Sarauw, our decision herein does not preclude Sarauw from filing a renewed mandamus petition with this Court at an appropriate time.

## III. CONCLUSION

Because Sarauw is at least partially responsible for the Superior Court's delay in issuing a ruling in *Sarauw v. Watlington*, Super. Ct. Civ. No. 227/2017 (STT), she has failed to prove that her right to a writ of mandamus directed to the Superior Court judge is clear and indisputable. And while Sarauw has proved that she has a clear and indisputable right to have the Board of Elections certify the results of the April 8, 2017 special election, in that such certification is a ministerial duty under Virgin

---

[6] For example, this Court takes judicial notice of the legislative calendar of the 32nd Legislature, which reflects that neither the Legislature, nor any committee thereof, is scheduled to be in session from Saturday July 1, 2017, through Thursday July 6, 2017; rather, the next legislative hearing is set for Friday July 7, 2017, when the Committee on Finance is set to receive testimony on several bills. *See* 32nd Senate Calendar Legislature of the Virgin Islands, http://legvi.org/calendar/LegislativeCalendar.pdf (last visited July 2, 2017), *archived at* https://perma.cc/Y5Y5-TVJC. Thus, while the continuing vacancy of the seventh senate seat certainly harms the people of the Virgin Islands — and particularly those who reside in the District of St. Thomas/St. John — it would appear that a ruling from the Superior Court directing the Board of Election to certify the special election results on June 30, 2017, as opposed to July 5, 2017, would have little practical significance. To the extent this is not the case, and that other circumstances exist that would make a ruling within one working day necessary, it is Sarauw's burden, as the party seeking mandamus relief from this Court, to demonstrate why this is the case. *See In re Morton*, 56 V.I. 313, 320 (V.I. 2012) ("[T]he party requesting a writ of mandamus bears the burden of proving that issuance of such a writ is warranted[.]").

———

Islands law, she has not met her burden of proving that she has no other adequate means to attain the desired relief, for the Superior Court is presently considering the matter and its failure to act on her motions for a ruling within one working day is not evidence that the Superior Court is an impractical forum. Accordingly, because Sarauw has failed to establish all the mandatory prerequisites to obtaining a writ of mandamus from this Court, we deny the petition without prejudice to its re-filing in the event the Superior Court fails to offer relief in a prompt manner.